LEWIS W. ROSS
*v.*
LEVI COAT.

| 58 | 53 |
| 163 | 645 |
| 58 | 53 |
| 174 | 437 |
| 58 | 53 |
| 188 | 1607 |

1. LIMITATION ACT OF 1839—*payment of taxes thereunder.* Under the eighth section of the Conveyance Act, the payment of taxes must, to comply

with the statute, be made for seven successive years, or it can not be used with color of title and possession to bar a recovery. If the owner of the paramount title pays any one of the seven years, the chain is broken, and the party claiming color of title can not rely upon such payment.

2. Where the holder of claim and color of title paid the taxes due on the land from 1855 to 1863 inclusive, except the years of 1857 and 1859, when the owner of the paramount title first paid all taxes due on the land, but the holder subsequently paid an amount equal to the taxes which had been assessed for those years: *Held*, that there was not a payment for seven successive years as required by the statute; that when claimant paid to the collector for those years there were no taxes due on the land, and that there was not a payment for any seven successive years, by any party in possession of the land.

3. In such a case, the party claiming color of title, is in no better condition, although he may have paid all taxes legally assessed on the land while vacant and unoccupied, for a period of less than seven years, and several other years after it was reduced to possession, sufficient to make the period of limitation, as, under the statute, the taxes must all be paid for the proper · period, either when the land is vacant, or all when it is occupied, as the two sections can not be united to create a bar. The party, to acquire the bar under either section, must perform all acts required by that section.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of ejectment brought by Lewis W. Ross, in the Mason Circuit Court, against Levi Coat, to recover lot one in block ten, in the town of Havana, in this State; the declaration was in the usual form, and the general issue was pleaded. A trial was had by the court, a jury having been waived by the parties, when the court found the issue for the defendant, and, after overruling a motion for a new trial, rendered judgment for the defendant. The case is brought to this court on error.

Mr. J. S. BAILEY and Mr. JOHN Ross, for the plaintiff in error.

Messrs. LACEY & WALLACE, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The plaintiff in error has established a title in fee simple from the original patentee, through certain *mesne* conveyances,

to himself, to the lot in controversy. The defendant in error, who is a *terre-tenant*, and defends in the interest of the heirs of Edward Cory, deceased, insists, that he has made out a complete bar to the plaintiff's paramount title, under the statute of limitations.

The question presented is, whether the facts in the case constitute a bar to the plaintiff's title under either the eighth or ninth sections of the Conveyance Act. R. S. 1845, p. 102.

We will first consider the case with reference to the eighth section. That section provides, in substance, that where any person in the actual possession of land under claim and color of title, made in good faith, and who shall, for seven successive years, continue in possession, and shall, during such period, pay all taxes legally assessed on such land, he shall be held to be the legal owner of the land to the extent of his paper title. It is further provided, that persons holding under such possession by purchase, devise or descent, and shall continue such possession and continue to pay the taxes as therein provided, shall be entitled to the benefit of the provisions of that section.

It appears that in August, 1848, Reuben Heminger obtained a deed for the premises, from the Auditor of the State. He never took possession of the lot, but did pay the taxes assessed thereon from 1848, to 1853, both years inclusive, making a period of six successive years. The seventh year, viz: 1854, was paid by the plaintiff.

In 1854, Heminger conveyed the lot to David Cory, the ancestor of the parties now claiming the title. In May or June of that year, David Cory took possession of the premises, and held the same until the time of his death, which occurred in February, 1855. John D. Cory was then regularly appointed guardian of the heirs of David Cory, all of whom were minors at the date of their father's death, and it is now claimed that the guardian has paid all the taxes legally assessed on the land from 1855 to 1863, both years inclusive, for the benefit of the heirs, making a period of nine consecutive years, and that during all that period the guardian held the possession

of the premises, by his tenants, for the benefit of the heirs. These facts are relied on to constitute the bar.

It appears that the plaintiff paid the taxes for the years 1857 and 1859, but it also appears that the guardian of the heirs, after the plaintiff had paid the taxes for those years, paid like amounts to the collector, and took his receipt therefor. It is now insisted that although the plaintiff had in fact paid the taxes, yet, inasmuch as the guardian afterwards paid like amounts to the collector, that fact will enure to the benefit of the title and will constitute payment of taxes under the provisions of the statute.

A party holding the patent title may rightfully extinguish the taxes against the property. It is not like the interference of a mere stranger. In *Morrison* v. *Kelly*, 22 Ill. 610, it was held that a subsequent payment to the collector, of an equal amount of the taxes that existed against the property, would be a gratuity to the State or county, or to whatever municipality would be entitled to the taxes. The party holding the legal title having paid the taxes, the party claiming color of title, can not, by paying a like amount of the taxes that existed against the property, obtain the benefit of the statute to aid his title. In this instance, when the guardian paid the respective amounts to the collector, there were no taxes due for those years on the property, for the reason that the same had been discharged by the holder of the legal title previous to the dates of his payments. If it be admitted that the heirs held possession of the premises from 1855 to 1863, it is evident that the payment of taxes had been interrupted for the period of two years of that time by a party who had a lawful right to pay the taxes. It follows, then, that there was no continuous possession, with the payment of taxes, for seven consecutive years previous to the year 1863.

It does not distinctly appear that any one was in possession of the premises from some time in 1860 to 1861, when the defendant entered into possession, under authority of the guardian, John D. Cory. This suit was instituted in October,

1867, and a period of seven years did not elapse from the date of defendant's possession, before the plaintiff undertook to assert his title.

We are unable to discover from the evidence, that there has been payment of taxes for any seven consecutive years, by any party in possession under color of title, by purchase, devise or descent, or otherwise, and consequently there can be no bar under the provisions of the eighth section of the Conveyance Act.

We do not see how the ninth section can in any manner aid the title of the defendant. That section has reference only to the payment of taxes on vacant and unoccupied land, under claim and color of title. It is not pretended that any one paid taxes on the land in this instance for seven consecutive years while the premises were vacant and unoccupied. Heminger is the only one that pretended to pay the taxes under color of title while the land was vacant and unoccupied, and he only paid for a period of six years.

To constitute a bar, a party must show a complete performance under either the eighth or ninth section. He can not show part performance under one section and part under the other, and thus blend the provisions of both sections.

The bar must be complete and distinct under the one or the other section. A party can not avail of the provisions of both sections at the same time. *Dickenson* v. *Breeden*, 30 Ill. 279.

For the reasons indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*