WILLIAM A. MULLER

*v.*

MATHIAS BENNER, Guardian, etc.

1. GUARDIAN—*right to sue in his own name.* A guardian has authority to demand and sue, in his own name, for all personal property and demands due his ward, but no power is given him to bring suits in relation to the real estate of his ward. He can not maintain ejectment in his own name for his ward's lands.

2. SAME—*power over lands of ward.* The only power a guardian has over his ward's lands is, to lease the same upon such terms and for such length of time as the county court shall approve. He is not entitled, nor is it made his duty, to take possession of the real estate of his ward.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of ejectment, brought by Mathias Benner, as guardian of Matthew and Nicholas Schent, against William A. Muller. The court below found for the plaintiff, and the defendant appealed.

Mr. THOMAS SHIRLEY, for the appellant.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by the guardian, in his own name, to recover the possession of the lands of his wards. It is averred in the declaration, the fee of the lands is in the wards, and that appellee, as guardian, is entitled to possession. A trial was had upon the plea of not guilty. The court found the defendant guilty, the fee of the land in the wards, as alleged, the guardian entitled to possession, and rendered judgment accordingly.

The single question presented is, whether a guardian, under our laws, can maintain ejectment in his own name to recover possession of his wards' lands.

A guardian in socage has the custody of the lands of the infant, and for that reason may lease it, avow in his own name, and bring trespass or ejectment in his own name. *Hughes' Minors' Appeal*, 53 Penn. St. 500; 2 Kent, 228; *Holmes* v. *Seely*, 17 Wend. 75.

But we do not think a guardian, under the provisions of our statute, can exercise any such powers. It is apprehended, where a general guardian has been appointed under our laws, with a defined statutory control over the estate of the wards, there can be no such relation as guardian in socage.

Under the provisions of our statute, it is indispensable the plaintiff in ejectment must have some estate in his own right in the lands. It is provided "no person shall recover in ejectment, unless he has, at the time of commencing the action, a valid, subsisting interest in the premises claimed, and a right to recover the same, or to recover the possession thereof, or of some share, interest or portion thereof to be proved and established at the trial." Rev. Stat. 1845, p. 205, sec. 3.

No power is conferred by our laws upon a guardian over the real estate of his wards, except to lease the same "upon such terms and for such length of time as the county court shall approve." He is not given any such interest in the lands as a guardian in socage had at common law, and by no

express words is he given, nor by any fair intendment can it be held he is entitled to the possession.

In *Knite* v. *Palmer*, 2 Wilson, 130, it was ruled a guardian or committee of a lunatic could not make a lease or bring ejectment in his own name. The case of *Brooks* v. *Brooks*, 3 Iredell, 389, holds that a guardian of a lunatic, although by statute he was given "the same powers to all intents and purposes of guardians of orphans," can not maintain ejectment in his own name for the lands of his ward. The reason for the rule adopted in the latter case is found in the common law which makes it necessary that the demise in ejectment must be made by the person who has the estate, and could enter to make the lease. It was, however, held in *Brooks* v. *Brooks*, that in North Carolina, a guardian of infants might maintain ejectment in his own name, but it was on the distinct ground the statute required the guardian to take into possession the estate of his ward, and enacts "that he may bring such actions in relation thereto as, by law, a guardian in common socage might do."

Our statute has not made it the duty of a guardian to take possession of the real estate of his ward, nor has it given the right to bring actions in relation thereto as a guardian in socage might do at common law.

He has authority to demand and sue, in his own name, as guardian, for all personal property and demands due the ward, but no power is given to bring suits in relation to real estate. What authority has he to try the title to his wards' lands in his own name? There is no provision of law such a trial would be conclusive of the rights of the infants. Indeed, such a law would be of doubtful policy.

Fictitious suits might be brought, and collusively tried, that would be conclusive of the rights of parties not before the court. The guardian may appear, prosecute and defend for his wards in all legal suits and proceedings, but it must be in their names.

In the absence of any statutory authority conferring the right, we do not think appellee can maintain this action. It should have been brought in the names of the wards, who are alleged to be the owners in fee of the lands, by their guardian.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*