ROLAND G. WHITNEY

*v.*

U. G. STEVENS.

1. LIMITATION—*proof must show whether land was vacant or occupied during time of paying taxes.* Proof of the payment of all taxes on land for seven successive years under claim and color of title, without showing the land was

vacant and unoccupied, or was occupied, during such period of seven years, is ineffectual to create the bar of the Statute of Limitations.

2. To constitute a bar to an action of ejectment, a party must show a complete performance under either the one or the other of the sections of the Limitation law of 1839. He will not be permitted to show part performance under one section and part under another, and thus avail of the provisions of both.

3. SAME—*claim and color of title.* The omission to file with the sheriff a sufficient affidavit, as required by statute, before taking a sheriff's deed for land sold for taxes, will not prevent such deed from being claim and color of title acquired in good faith, under the Limitation act of 1839.

APPEAL from the Circuit Court of Jasper county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was an action of ejectment, brought by Roland G. Whitney against U. G. Stevens, to recover 160 acres of land. The court rendered judgment in favor of the defendant.

Messrs. HONEY & HALLEY, for the appellant.

Messrs. BROWN & GIBSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff made proof that the title that was in the purchaser from the government to the land in controversy came to him through *mesne* conveyances, and also by direct conveyance from the patentee himself, and rested his case. As a matter of defense, defendant introduced as claim and color of title the record of a tax deed, made to himself in 1864, which, on its face, purported to convey the title of the property to him, and made proof of payment of all taxes assessed on the land for more than seven successive years thereafter. But it will be perceived the testimony offered fails to show the bar of the statute insisted upon is effectual. It is not proved the land was vacant and unoccupied for any period of seven years for which defendant paid all taxes assessed thereon, or that the premises were occupied for any such period during which defendant was paying the taxes under claim and color of title.

All the proof there is on that subject is, the land was vacant and unoccupied at the date of the tax sale, and that defendant placed a tenant in possession after the "chancery suit" was commenced; but when that was can not be known from anything in this record. The law is well settled, that to constitute a bar a party must show a complete performance under either the one or the other of the sections of the Statute of Limitations. He will not be permitted to show part performance under one section and part under the other, and thus avail of the provisions of both sections at the same time. *Ross* v. *Coat*, 58 Ill. 53.

The objection to the introduction of the record instead of the original deed can be obviated on another trial, when the affidavit of defendant can be made to conform more exactly with the provisions of the statute, and the affidavits of other parties who had possession of the deed at the former trial can be produced.

As respects the point made, that the tax deed is not color of title in defendant because it does not appear any sufficient affidavit, such as the statute requires, was lodged with the sheriff before the deed was taken out, we think it can not be maintained. At most, the affidavit is but evidence of what defendant had done to comply with the law, and as it does not appear he omitted any duty enjoined upon him by law that in any way affected the rights of adverse claimants, the deed may, nevertheless, be claim and color of title acquired in good faith, notwithstanding the omission.

This case is not like *Dalton* v. *Lucas*, 63 Ill. 337, where defendant omitted a plain duty enjoined upon him by positive law, and which was necessary for the protection of the owner of the land sold.

For the reasons indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*