MARSHAL FIELD ET AL.

v.

LAVINIA A. HERRICK ET AL.

1. GUARDIAN—LEASING REAL ESTATE OF WARD.—In this State, the only power a guardian has over the real estate of his ward, is to lease it upon such terms and for such length of time as the County Court shall approve. As

Field v. Herrick.

respects the minors, a lease purporting to be made by their guardian, but without the approval of the court, is wholly inoperative.

2. FAILURE TO OBTAIN CONSENT.—A failure on the part of the guardian to obtain such approval is good ground for rescinding the contract by the lessees. So where the guardian failed to get the approval of the court and the lessees, their assignees, the lessor and all parties capable of contracting thereupon met and agreed that the lease be surrendered and the lessees released therefrom, a subsequent obtaining the approval of the court, by the guardian, without the knowledge of the lessees is a fraud upon them from which a court of equity will grant relief.

3. EQUITABLE JURISDICTION TO COMPEL DELIVERY OF WRITING.— Equity has jurisdiction to compel the delivering up of a written instrument that is void, where the grounds upon which its invalidity is based are required to be established by extrinsic evidence.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding. Opinion filed January 7, 1880.

This is an appeal from the decree of the Superior Court of Cook county, sustaining a demurrer to and dismissing the plaintiff's bill filed in that court, with costs.

The bill states that Lavinia A. Herrick, Anna M. Herrick, Elijah W. Herrick, and Sarah L. Herrick, being the owners of stores numbered 130 and 132 Wabash avenue, city of Chicago, the said Anna M., Elijah W. and Sarah L. Herrick being minors, and the said Livinia A. Herrick being their guardian, February 2, 1878, the plaintiffs, Field & Leiter, through one Myers, acting as agent of said owners, negotiated for and obtained a lease for said premises, bearing that date, and executed by said Lavinia A. Herrick, personally and as guardian of said minors, and by Anna M. Herrick, parties of the first part, and by plaintiffs as parties of the second part, whereby said parties of the first part demised to parties of the second part the said premises, from March 1, 1878, until February 29, 1880; for which parties of the second part were to pay parties of the first part, as rent, $6,500 payable in monthly installments. The bill further states that plaintiffs obtained said lease for the use and benefit of the firm of Hagedon & Boyle, and that they immediately made an assignment thereof to Hagedon & Boyle, who covenanted with plaintiffs to pay the rent and perform all the covenants, and indem-

nify and save plaintiffs harmless therefrom. That at the time of making said lease said agent of·lessors agreed to obtain the approval of the Probate Court of Cook county of said lease, but was unable to do so. That neither plaintiffs nor Hagedon & Boyle were able to obtain possession of said stores on said March 1, 1878, or at any other time, for the reason that one Cox was in possession, who claimed the right to occupy under an agreement from lessors, through said Myers. That in April, 1878, it was mutually agreed between said lessors, acting by said Lavinia A. Herrick and Myers, and plaintiffs and Hagedon & Boyle, that said lease to plaintiffs should be surrendered and plaintiffs released therefrom. That thereafter lessors accepted Cox as tenant and received rent from him. That in August thereafter, after the determination of said lease by agreement and substitution of Cox as tenant, as aforesaid, said Myers, as agent of said lessors, without the knowledge of plaintiffs, and for the purpose of perpetrating a fraud upon them, took said lease to said Probate Court, and induced the judge thereof to endorse his approval upon it. Since which lessors have demanded rent of plaintiffs and threaten to bring suits against them on said lease. The specific relief prayed is that the said lease be decreed to be surrendered up and canceled. The Herricks above named were all made parties, but neither Hagedon or Boyle was made party. The demurrer was not for want of necessary parties, but for want of equity in the bill. The court sustained the demurrer and dismissed the bill, with costs, and plaintiffs appealed to this court, assigning for error the decree sustaining the demurrer and dismissing the bill for want of equity.

Mr. JOHN H. THOMPSON, for appellants; as to jurisdiction in equity, cited 1 Story's Eq. Jur. § 694; Andrews v. Sullivan, 2 Gilm. 327.

Mr. J. V. LEMOYNE, for appellees; that the remedy was at law, cited Leopold v. Judson, 75 Ill. 536; Imperial Fire Ins. Co. v. Gunning, 81 Ill. 236.

Field v. Herrick.

McAllister, J.   By the laws of this State, the only power a guardian has over the real estate of his wards, is to lease the same upon such terms and for such a length of time as the County Court shall approve.   Muller v. Benner, 69 Ill. 108.

As repects the minors, the lease of February 2, 1878, purporting to be made by their guardian, but without approval of the County (now Probate) Court in Cook county, was wholly inoperative, so that a cotemporaneous agreement on behalf of the guardian to procure such approval was of the essence of the transaction of taking the lease by appellants and covenanting to pay the rent specified in the lease.   The failure on the part of the guardian to obtain such approval at or before the time the term was to commence, March 1, 1878, was good ground of itself for rescinding the contract, because the lessees, or those for whose benefit they became such, were entitled to know, before taking possession of the stores, whether such an act, which was indispensable to their title, was, in fact, done. As no time was fixed within which the approval of the lease by the court was to be obtained, the law would require it to be done within a reasonable time.   The lease having been executed February 2, 1878, providing that the term was to begin March 1, 1878, the property and parties being in the same city where the court is held whose approval was stipulated for, it was not only reasonable, but probably within the contemplation of the parties, that it should be done before the first of March.   According to the allegations of the bill, application for such approval was made, but was unsuccessful.   The guardian having thus failed to get such approval within a reasonable time, the lessees were then at liberty, if they had taken no steps thereunder and in affirmance of the lease, to say to the lessors that they would go no further with the transaction, and if the latter attempted to enforce the covenants of the lease against them, the lessees, from the circumstances that Lavinia A. Herrick executed the lease not only in her own right, but as guardian of the minors, and had agreed at the time of its execution to obtain the approval of the Probate Court, but had failed to get it, would have been justified in coming into a court of equity and asking for a decree rescind-

ing the contract upon those grounds alone. But it appears from the bill that after such failure to· get the approval of the court, and after the lessees and their assignees had failed to get possession of the premises, all the parties capable of contracting as lessors, and who alone were bound, mutually agreed with the lessees and their assignees that the lease be surrendered up and the lessees released therefrom, and that Cox be accepted as tenant. Then, as it is alleged, the guardian, by her agent, Myers, without the knowledge of lessees, and to perpetrate a fraud upon them, obtained the approval of the Probate Court to be endorsed upon this lease, demanded rent of plaintiffs, and threatened them with suits upon said lease.

We are of opinion that the bill presents a case not only within the jurisdiction of a court of equity, but such a case as entitles the plaintiffs to a decree that said instrument be delivered up and canceled on the ground that it had in fact become null and inoperative, and was made to appear and kept on foot as valid and operative by means of fraud. It was not void on its face, as contended by appellee's counsel, because Lavinia A. Herrick executed in her own right as well as guardian for the minors, and Anna M. Herrick executed for herself, though classed as one of the minors. Besides, the approval of the Probate Court made it apparently valid as to the minors. So that the facts set out as showing why it should be delivered up were extrinsic facts—such as the agreement made at the time of making it, that the approval of the Probate Court should be obtained, the failure to do so, the subsequent agreement for its surrender, and the acceptance of Cox as tenant, and the fraudulent procurement after that agreement to surrender, of the Probate Court's approval to be endorsed on it, thus giving it the appearance of validity.

Although the question whether equity would take jurisdiction to decree the delivering up of written instruments, void upon their face was at one time involved in considerable doubt, yet so far as our investigation has extended, none of the courts that doubted or denied it in the case just stated, ever expressed any doubt of it in a case where the ground upon which it was based was required to be established by extrinsic evidence.

Field v. Herrick.

In such a case, as we understand the decisions, it has been universally conceded.   Piersoll v. Elliott, 6 Peters, 98; Hamilton v. Cummings, 1 John. Ch. 517.

The distinction between the two classes of cases seems practically to rest upon a substantial foundation.   Nevertheless, the prevailing current of authority in modern times is in favor of the jurisdiction, even in cases of a paper void upon its face.   In the latter case, the defect is apparent, requiring no evidence *dehors* the instrument itself.   In the other, it is subject to the frailties both of human memory and integrity, as well as the uncertainty of life.   But even when void upon its face, circumstances might exist where such an instrument could be used to the prejudice of the other party as to render it fit and proper to call into exercise the preventive powers of a court of equity.   Lord Eldon expressed himself emphatically in favor of the jurisdiction, while other jurists of his time doubted it.   Bromley v. Holland, 7 Vesey, 22, and cases in notes.   Also Mr. Eden's note to Ryan v. Mackmath, 3 Brown's Ch. 18; Hamilton v. Cummings, *supra*.   In this case Chancellor Kent, after an able review of the authorities, said: " I am inclined to think that the weight of authority and the reason of the thing are equally in favor of the jurisdiction of the court, whether the instrument is or is not void at law; or whether it be void for matter appearing on its face, or from proof taken in the cause, and that these assumed distinctions are not well founded."   It seems that the views of Eldon and Kent upon the question of equity jurisdiction, where the instrument is void at law upon its face, where there are circumstances to call for its exercise, are supported by the prevailing current of modern decisions, a collection of which may be found in Perry's Notes to Sec. 700 of his edition of Story's Equity Jurisprudence.   The text of that section reads: " But whatever may have been the doubts or difficulties formerly entertained upon this subject, they seem by the more modern decisions to be fairly put at rest; and the jurisdiction is now maintained in the fullest extent, and these decisions are founded on the true principle of equity jurisprudence, which is not merely remedial but also preventive of injustice.   If an ·

instrument ought not to be used or enforced, it is against conscience for the party holding to retain it, since he can only retain it for some sinister purpose.    If it is a mere written agreement, solemn or otherwise, still while it exists it is always liable to be applied to improper purposes, and it may be vexatiously litigated at a distance of time when the proper evidence to repel the claim may have been lost or obscured, or when the other party may be disabled from contesting its validity with as much ability and force as he can contest it at the present moment."

In the case at bar, however, the jurisdiction cannot be challenged, because, as we have shown, the invalidity of the instrument rests in facts *aliunde*, and fraud is an element in the case.

The decree of the court below will be reversed, and the cause remanded for further proceedings in conformity, with the views herein expressed.

Reversed and remanded.