### THE DUCK ISLAND CLUB

*v.*

### SUSAN BEXSTEAD *et al.*

*Opinion filed October 24, 1898.*

1. COLOR OF TITLE—*bad faith in procuring color of title is not presumed.* Failure by the holder of a tax deed, relied on as color of title, to comply with all the statutory requirements concerning deeds to land sold for taxes does not constitute bad faith.

2. LIMITATIONS—*part performance under section 6 cannot be tacked to section 7.* Payment of taxes under color of title on vacant and unoccupied land for several years cannot be tacked to payment of taxes after the holder of color of title has enclosed the land and taken possession, so as to constitute seven years' payment.

3. SAME—*taxes paid before acquiring color of title are of no avail.* Taxes paid by a party before he obtained color of title cannot be availed of to complete performance under section 6 or 7 of the Limitation act.

4. EJECTMENT—*action by minors should be brought in their names by guardian.* An action of ejectment by minors is properly brought in their names by their guardian.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. JEFFERSON ORR, Judge, presiding.

CHIPERFIELD, GRANT & CHIPERFIELD, for plaintiff in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was ejectment by the defendants in error, against the plaintiff in error. The defendants in error prevailed upon the theory that said Susan was the widow, and the others children and only heirs, of Roland Bexstead, deceased; that said deceased, during his lifetime, had and held color of title made in good faith to the premises in controversy; that under such color of title all taxes legally assessed against said premises were paid for and during seven successive years by the owners and holders of such color of title; that the said premises were vacant and unoccupied during the said period, and at the expiration thereof were reduced to possession by the owners' and holders of said color of title, and that they were dispossessed by the plaintiff in error by force, etc. This is a writ of error to reverse the judgment. Briefs have not been filed on behalf of the defendants in error.

It appeared Roland Bexstead, on the 30th day of June, 1876, obtained a tax deed purporting to convey him the premises in controversy. Plaintiff in error contends this deed did not constitute color of title; that it was not made in good faith, and that it was not proven the premises were vacant and unoccupied or that the taxes were paid by or for the holders under said tax deed for a period of seven successive years. Plaintiff in error insists the affidavit made by the said Bexstead as authority for the execution of the tax deed to him did not set forth a proper description of the tract, and that the notice of the purchase of the land by him at the tax sale, and of the time of the expiration of the period for redemption, which the said Bexstead caused to be published in the *Canton Reg-*

*ister*, a newspaper published in Fulton county, was not published within the time provided by statute for the publication of such notices and did not contain all the statute required should appear in such notices, and that the imperfections of the affidavit and the notice establish that the said tax deed was not made in good faith. The rule is that good faith is presumed in the absence of proof of actual bad faith. The mere fact Bexstead may have failed to comply with and fulfill the requirements of the law governing the execution of deeds for lands sold for taxes does not establish that he was guilty of bad faith. His acts of omission may have resulted from inadvertence, misapprehension of the law or ignorance thereof. The presumption of good faith will prevail until it is overcome by evidence of fraud or actual bad faith. *Lewis* v. *Pleasants*, 143 Ill. 271; *Reedy* v. *Camfield*, 159 id. 254, and cases there cited.

Whether the premises were vacant and unoccupied prior to the year 1886 was the subject of conflicting testimony, which, in the absence of briefs for defendants in error, we will not further advert to.

The plaintiff in error took possession of the premises, caused a fence to be erected thereon in the year 1886, and has since held possession, hence payment of taxes by the defendants in error since that date would avail nothing in favor of the title they seek to uphold, for the reason color of title and payment of taxes must be coupled with possession to complete the bar under section 6 of the Limitation act, or the premises must be unoccupied in order to ripen a title under section 7. Part performance of the requirements of one section cannot be tacked to part performance of the provisions of the other section, but to constitute the bar the provisions of one or the other of the sections must be complied with. (*Ross* v. *Coat*, 58 Ill. 53; *Whitney* v. *Stevens*, 89 id. 53.) The deed to Bexstead, relied upon as color of title, bears date June 30, 1876. Taxes paid upon the land by Bexstead prior to the

issuance of the tax deed to him availed nothing, because such payments were not coupled with color of title.

It is insisted it was not proved the taxes were paid under the deed for the years 1879, 1881 and 1882. There was a conflict in the testimony as to the payment of the taxes for the years 1879 and 1881, but we find no evidence whatever tending to show that the taxes for 1882 were paid by or for any one interested in this title. It will be observed payment of the taxes assessed for the year 1882 was indispensable to complete the payment for the term of seven years first ensuing under the said claim and color of title. The second period of seven years would therefore have been entered upon beginning with the year 1883. But before that period elapsed, to-wit, in 1886, the plaintiff in error entered into actual possession of the premises, and it ceased to be vacant and unoccupied land, hence it was not established by the proof that the defendants in error had become vested with title under the operation of either of the sections of the Statute of Limitations.

The case of *Muller* v. *Benner*, 69 Ill. 108, cited by plaintiff in error, is authority for the position that our statute does not invest a guardian of a minor ward with power to institute an action of ejectment in his own name, as guardian. In the case at bar the action was brought in the name of the wards by the guardian, and such is the proper course to be pursued. In *Muller* v. *Benner, supra,* it was said (p. 111): "It (the action) should have been brought in the names of the wards, who are alleged to be the owners in fee of the lands, by their guardian."

The evidence does not support the verdict, and the cause should be again tried. The judgment is reversed and the cause remanded.    *Reversed and remanded.*