HARRIET SAYRE KEENEY, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed April 19, 1913—Rehearing denied June 4, 1913.*

1. COLOR OF TITLE—*presumption of good faith will prevail until overcome.* The good faith required by the statute in the creation or acquisition of color of title is a freedom from a design to defraud the person having a better title, and the presumption of good faith will prevail until it is overcome by evidence of fraud or actual bad faith.

2. SAME—*when presumption of good faith is overcome.* Where the holder of a certificate of a tax sale makes an affidavit for a tax deed positively stating that the premises were not taxed or assessed in the name of any person, whereas the collector's warrant for the taxes for which the property was sold shows the owner's name, the presumption of good faith is overcome, and his failure to ascertain the truth under such circumstances amounts, in the absence of any explanation, to bad faith.

3. APPEALS AND ERRORS—*the examiner's finding of fact is conclusive if not excepted to.* A finding of fact by the examiner of titles, in a title registration proceeding, must be regarded by a court of review as conclusive, where it was not excepted to.

4. The decision in *Bjork* v. *Glos,* 256 Ill. 447, controls the determination of the other question in this case, concerning the admissibility in evidence of the abstract of title.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for appellee.

Mr. Chief Justice Dunn delivered the opinion of the court:

On the appellee's application the circuit court of Cook county rendered a decree registering her title to certain premises and setting aside two tax deeds, from which the defendants appealed.

Two supposed errors are relied upon for the reversal of the decree, viz., that an abstract of title offered in evidence by the applicant was improperly received, and that the court improperly found that the defendants' color of title was not acquired in good faith.

So far as the objection to the abstract of title is concerned, the record is in the same condition as that in the case of *Bjork* v. *Glos,* 256 Ill. 447, and for the reasons there stated this objection cannot be availed of. .

The examiner found that the defendant Jacob Glos, on September 10, 1886, became the purchaser of the premises at a sale for the delinquent taxes of the year 1885, and on March 27, 1889, obtained a deed upon that sale from the county clerk of Cook county. He paid all the taxes on the premises thereafter until and including the year 1898, during all of which time the premises were vacant, and afterwards, in 1908, took possession of the premises by fencing them. The examiner further found, however, that the color of title so acquired by the said tax deed was not acquired by Jacob Glos in good faith, because he failed to comply with the requirements of the statute as to notice of redemption before taking his tax deed, by giving notice to James F. Keeney, the owner of the real estate and the person in whose name it was assessed. Glos made an affidavit when he took the tax deed that the premises were not taxed or assessed in the name of any person. The examiner found that the collector's warrant for the taxes of the year 1885, for which the premises were sold, shows the owner's name of J. F. Keeney opposite the description of the premises. It is claimed that there was no evidence to

justify this finding, but it was not excepted to and must be taken as conclusively establishing the fact as against the appellants.

Section 216 of the Revenue act required Glos to serve notice of his purchase upon the person in whose name the property was taxed or assessed if upon diligent inquiry such person could be found in the county, and the statement that it was not taxed or assessed in the name of any person was therefore material. If the purchaser at a tax sale should knowingly make a false affidavit that the property was not taxed or assessed in the name of any person, it needs no argument to show that his title acquired by means of such affidavit could not have been acquired in good faith. So, having the means before his eyes of ascertaining the truth, by merely looking, in regard to a fact about which it is his duty to know, if he fails to look he does not act in good faith. It is true that we have held that the good faith required by the statute in the creation or acquisition of color of title is a freedom from a design to defraud the person having the better title, and that the presumption of good faith will prevail until it is overcome by evidence of fraud or actual bad faith. (*Duck Island Club* v. *Bexstead,* 174 Ill. 435; *McCagg* v. *Heacock,* 34 id. 476.) Such presumption is overcome by proof that the color of title was acquired through the affidavit of the purchaser misstating a fact which it was his duty to know. Failure to ascertain the truth under the circumstances shown was equivalent to knowledge unless explained, and no explanation was attempted. It is not decided that the purchaser was bound by constructive notice, but that it was his duty to ascertain the fact when he made the affidavit. If he was excused from such duty by any circumstances not disclosed, the burden of showing such excuse was upon him.

The decree will be affirmed.                *Decree affirmed.*