(No. 17563.—Decree affirmed.)
ISAAC MAREMONT *et al.* Defendants in Error, *vs.* BURKETT
OVENU *et al.* Plaintiffs in Error.

*Opinion filed February 24, 1928—Rehearing denied April 6, 1928.*

1. LIMITATIONS—*to support adverse claim to property not described in the deed a grantee must have been given possession.* A grantee must have been given possession of property not described in the deed in order to support an adverse claim thereto, as the claim does not depend on the deed but upon possession.

2. SAME—*what necessary to establish title by twenty years' possession.* To establish title by twenty years' possession the claimant must prove that he and his predecessors in title have been in the actual, visible, notorious, exclusive and continuous possession for that period under claim of ownership and that the possession was hostile or adverse in its origin.

3. SAME—*when claimant does not establish his title by twenty years' limitation—party walls.* Although one of the claimant's predecessors in title, more than twenty years before claimant acquired his deed, had erected a building whose wall encroached eight inches over the adjoining lot, title to such encroachment by adverse possession for more than twenty years is not established, where, before and at the time of the conveyance to the claimant, whose deed described the lot without including the encroachment, the owner of the adjoining lot was using the encroaching wall as a party wall, had paid taxes on his lot, including the eight inches upon which the wall encroached, and had color of title thereto for more than seven years.

4. SAME—*possession under the seven years' statute is presumed to be in good faith.* Possession under the seven years' Statute of Limitations is presumed to be in good faith until the contrary is shown, and a party who takes possession by making use of a wall which encroaches on his lot, as a party wall, is presumed to act in good faith.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

LEWIS, ADLER, LEDERER & KAHN, for plaintiffs in error.

ALFRED E. BARR, and CHARLES S. CUTTING, for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Isaac Maremont and Sarah E. Sharp filed their bill in the circuit court of Cook county to enjoin Moses Ovenu from altering or damaging a party wall upon the line between two adjoining and improved parcels of real estate in the city of Chicago. By an amended answer the defendant denied the material allegations of the bill. A replication was filed to the answer. Thereafter the defendant filed a cross-bill against the original complainants, claiming ownership by adverse possession not only of the wall but also of the ground upon which the wall stands, and seeking an injunction restraining Maremont from permitting the joists of his building to remain imbedded in the wall. The cross-defendants answered, denying the right to the relief sought by the cross-bill. The cause was referred to a master in chancery, who, after reporting the evidence, recommended the dismissal of the cross-bill and the entry of a decree in conformity with the prayer of the original bill. Objections and exceptions to the master's report were overruled, and a decree was rendered dismissing the cross-bill for want of equity and enjoining Ovenu, and others in privity with him, from raising or interfering with the wall. The costs were also adjudged against him. To review the record the heirs of Ovenu prosecute this writ of error.

The two parcels of real estate concerned in this suit are lots 39 and 40 in David Gibson's subdivision of block 60 in School Section addition to Chicago. Lot 40 is situated at the southwest corner of South Canal and Bunker streets, and lot 39 lies immediately south of lot 40. Both lots face east on South Canal street. Lot 40 is twenty-three and lot 39 is twenty-four feet wide, and both have a depth of one hundred feet. Frank Kaspar owned lot 40 in 1882. In that year he erected a three-story-and-basement brick building upon the lot. The south wall of this building,

throughout its length, encroaches about eight inches upon lot 39. The first, second and third stories of this wall are about seventeen, thirteen and eight inches in thickness, respectively. Kaspar conveyed lot 40 to John Robertson by a warranty deed dated November 1 and recorded on November 18, 1897. Thereafter the lot was conveyed to successive grantees. Ovenu acquired the title to the lot by deed dated April 3 and recorded on April 16, 1913. Neither the deed to him nor the deeds to his predecessors in title conveyed any part of or interest in lot 39. In the year 1882 a frame building stood upon lot 39. This building did not occupy any part of the north eight inches of the lot. Maremont acquired the title to lot 39 by a warranty deed dated October 29 and recorded on December 4, 1901. In 1906 he removed the frame building from the lot and erected a new three-story-and-basement brick building thereon. In the construction of this building joists were sunk or imbedded in the south wall of the building on lot 40, and that wall was used as the north wall of the new building. Since January, 1907, when the building on lot 39 was completed, the wall in question has been used as a party wall by the owners of the adjoining properties. Maremont paid all the taxes levied on lot 39 since it was conveyed to him in 1901. Sarah E. Sharp, the other original complainant, holds an encumbrance on Maremont's property. In 1921 the level of Canal street was raised from three to four feet. On October 5, 1922, Ovenu notified Maremont in writing that he, Ovenu, was about to raise the building on lot 40 and that Maremont should take such steps as he thought best for the protection of his building on lot 39. This suit by defendants in error, Maremont and Sharp, followed.

The contentions upon which plaintiffs in error rely for a reversal of the decree are, in substance, that Ovenu and his predecessors in title had been in adverse and undisturbed possession of the ground upon which the wall stands for · more than twenty years; that the adjoining owners, by

their acquiescence for upwards of that period, had constituted the south line of the wall the boundary between their properties; that the wall, and the ground under it, became the property of Ovenu upon his acquisition of lot 40, and that the circuit court erred in finding that the wall was a joint or party wall. The defendants in error, on the contrary, insist that no person can succeed to the possession of property not described in the conveyance to him unless possession of the undescribed property is delivered to the grantee; that Maremont had possession of the south half of the wall as the north wall of his building at the time Ovenu purchased lot 40 and for nearly seven years prior thereto and that possession of the south half of the wall was never delivered to Ovenu; and that, even if it be assumed that Ovenu's predecessors in the ownership of lot 40 had acquired title to the disputed strip by adverse possession for twenty years, yet, succeeding the expiration of that period and prior to the institution of this suit, Maremont had been in open, adverse, notorious and undisputed possession of the strip under claim and color of title, made in good faith, continuously for more than fifteen years, and had during the same period paid all the taxes assessed thereon, and hence that Maremont was the absolute owner in fee, both under a deed of conveyance and by actual occupation, of all of lot 39.

Apart from their possession of the building on lot 40, Ovenu's predecessors in title to that lot exercised no control or dominion over the south half of the wall which encroached upon lot 39. Even if they, through their occupancy of that building, also had possession of the north eight inches of lot 39 continuously for more than twenty years prior to the construction of Maremont's building in the year 1906 and his appropriation at the time of the wall as a party wall, yet they did not surrender or deliver to Ovenu possession of the south half of the wall and of the ground upon which it stands. When Ovenu took posses-

sion of lot 40 and the building thereon under the deed to
him dated April 3, 1913, the south wall of the building had
been used by Maremont as a party wall for nearly seven
years. The deed to Ovenu conveyed only lot 40. It did
not convey any part of or interest in lot 39. The claim to
real property held in adverse possession but not described
in the deed to the claimant does not depend upon the deed
but upon possession. Such a claim will pass, not by a con-
veyance which describes only the land to which the grantor
has title of record, but by the delivery of possession of the
land not described in the deed. (*Rich* v. *Naffziger,* 255 Ill.
98.) To establish title by twenty years' possession the
claimant must prove that he and his predecessors in title
have been in the actual, visible, notorious, exclusive and
continuous possession for that period under claim of own-
ership and that the possession was hostile or adverse in its
origin. (*Schmitt* v. *King,* 316 Ill. 239; *Jaster* v. *Spikings,*
312 id. 170; *Duck Island Hunting and Fishing Club* v.
*Whitnah,* 306 id. 284; *Bugner* v. *Chicago Title and Trust
Co.* 280 id. 620.) The element of continuity in the adverse
possession of the south half of the wall was wanting, for
the wall had been used as a party wall for a considerable
period and was so used at the time Ovenu acquired the title
to lot 40. Exclusive possession of the wall was not deliv-
ered to Ovenu, and he did not at any time acquire or have
such possession; and his claim to sole ownership of the
wall, and of the ground upon which it stands, through ad-
verse possession by himself and his predecessors in title to
lot 40 for the period of twenty years, is unfounded.

Defendant in error Maremont had the title of record
by a recorded deed of conveyance to the whole of lot 39.
From the fall of 1906, when he began the construction of
his building, to the service of the notice by Ovenu, on Oc-
tober 5, 1922,—more than fifteen years,—Maremont used
the wall on the boundary line between lots 39 and 40 as a
party wall. Ovenu knew when he purchased lot 40 that

Maremont had appropriated the wall in question as a party wall, and Ovenu made no objection to such use for nearly sixteen years. That Maremont acted in good faith in making use of the wall will, in the absence of evidence to the contrary, be presumed. (*Keeney* v. *Glos,* 258 Ill. 555; *Gage* v. *Chicago Title and Trust Co.* 303 id. 569.) There was no such countervailing evidence. From the time of his acquisition of lot 39 Maremont paid all the taxes successively levied thereon.

Section 6 of the Limitations act (Cahill's Stat. 1927, p. 1606; Smith's Stat. 1927, p. 1743;) provides: "Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title."

When this suit was instituted, Maremont's use of the wall as a party wall had continued uninterruptedly for seventeen years. His paper title was the actual legal title to the whole of lot 39, on the north eight inches of which the south half of the wall in question was built. He also complied with the other requirements of section 6 of the Limitations act. If the possession of the wall by Ovenu's predecessors in title could have been considered as adverse, that possession was discontinued in 1906, more than six years before Ovenu became the owner of lot 40, and thenceforth, if not before, the wall was regarded by the adjoining owners as a party wall. Its character as such has been legally established by the statutory limitation to which reference has been made. Plaintiff in error Maremont has the right to have his building supported by that wall.

The decree of the circuit court is affirmed.

*Decree affirmed.*