(No. 34606.—

EDWIN F. SHOCKLEY *et al.,* Appellees, *vs.* GLEN GOOD *et al.,* Appellants.

*Opinion filed March 20, 1958.*

HARPER ANDREWS, and CAMPBELL ANDREWS, both of Kewanee, for appellants.

EWAN & FULTON, and HAROLD W. HILL, of Kewanee, for appellees.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

This case poses questions concerning the validity of a tax deed issued pursuant to the provisions of the Revenue Act as it existed in 1947. (Ill. Rev. Stat. 1947, chap. 120, pars. 744 *et seq.*) Plaintiffs alleged ownership of a certain house and lot in Kewanee, Henry County, and sought to set aside, as defective and insufficient, a tax deed issued to Glen Good, defendant. Ethel Good, his wife, was made a party defendant only by virtue of the marital relationship, and hence we refer to Glen Good as defendant. After hearing before a special master and in accord with his recommendations, the trial court held the tax deed void and quieted title in plaintiffs. A freehold being involved, defendant appealed directly to this court. *Thomas* v. *Durchslag,* 404 Ill. 581.

Dorrington Good, a former owner of the real estate in question and a great uncle of the defendant, died testate in 1908, and devised this property to Carrie Good, his wife, for life, with remainder to Angenetta Good, his sister. Later, Angenetta Good conveyed her remainder interest to George Morse, her nephew, a cousin of defendant. Carrie Good lived in the property for a number of years, then moved to Indiana and rented it to John Zonkel and Lauretta Zonkel, who paid rent to her until her death on August 3, 1947.

George Morse, a resident of California, died testate in February, 1946, and devised this property to the plaintiffs. However, his will was not admitted to probate in Henry County until December 20, 1948, at which time Leslie Good, a brother of the defendant, was appointed administrator with will annexed of this estate.

The real-estate taxes on the premises for 1945 were assessed in the name of Carrie Good and were not paid. A judgment for delinquent taxes was duly obtained on September 30, 1946, and the real estate sold at tax sale to defendant on October 14, 1946. Thereafter defendant paid the 1946 and 1947 taxes when due, and on July 9, 1948,

served the usual tax purchaser's notice concerning the sale and redemption of the property on the Zonkels, as parties in possession under, or tenants of, the owners. He also caused such notice, addressed to unknown owners, to be published for three successive times in the *Kewanee Star Courier*. On November 30, 1948, he filed his affidavit for tax deed pursuant to the applicable statute. (Ill. Rev. Stat. 1947, chap. 120, pars. 744, 746.) The affidavit stated in part: "This affiant further states that he served * * * notice of such purchase on John Zonkel and Lauretta Zonkel, the persons in actual possession of such land or lot, the said John Zonkel and Lauretta Zonkel being tenants to or in possession under the owner or party interested therein; * * * This affiant further states that the person in whose name the said land or lot was taxed or specially assessed, upon diligent inquiry could not be found in the county, and that said owners of or parties interested in said land or lot, upon diligent inquiry are unknown to this affiant; that this affiant made diligent inquiry on June 18, 1948, at Kewanee, in said County, of John Zonkel, Lauretta Zonkel and Roy Radford to ascertain the names of all such unknown parties and the respective places of residence of said parties, and on such inquiry was unable to ascertain the names of such unknown parties and was unable to find any of said parties; * * *."

Pursuant to this affidavit, the county clerk issued a tax deed to defendant which was recorded December 1, 1948. The Zonkels continued to live in the property, and from October or November, 1948, paid rent to defendant. The sum of $491.15 was expended by defendant in securing the tax deed, and he also spent additional funds for a new furnace and for repairs to the roof. The property is worth about $4000.

From the testimony, it appeared that at least three residents of Henry County were related to both George Morse, deceased, and defendant. One of these relatives was de-

fendant's brother, Leslie Good, who testified that he was an heir of George Morse, deceased, and received notice pertaining to such heirship and a copy of George Morse's will. Another relative, Alice Good, had resided in the vicinity of Kewanee for over 50 years and at her present address in Kewanee for over 30 years. She possessed the Good family Bible and knew the genealogy of the family and all the parties involved, yet defendant neither inquired of her nor of any of such relatives concerning the ownership of this property. In fact, defendant offered no evidence of any inquiry pertaining to ownership of the premises other than that stated in the affidavit.

Plaintiffs contend that the affidavit for the tax deed is insufficient on its face, and that the allegations of due inquiry are false and fraudulent, while defendant urges that the affidavit shows due inquiry and that in any event the owners were not entitled to notice beyond the service on the Zonkels.

Under the statutory procedure applicable to the issuance of this tax deed, it was the duty of the county clerk to determine administratively the factual matters giving rise to the substantive rights of parties after an annual tax sale. Since this was not a judicial determination of statutory compliance, this court, on review, has required the utmost in strict observance of form. No defect or omission in the affidavit could be supplied, regardless of what the real facts might have been. (*Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, 451-453.) However, in a suit to set aside a tax deed, it may be shown that an affidavit is false, although proper in form, and the tax deed may therefore be set aside. *Graham* v. *O'Connor,* 350 Ill. 36; *Keeney* v. *Glos,* 258 Ill. 555.

We therefore turn first to the question of whether diligent inquiry was made to find the true owners of the premises. Diligent inquiry has been defined as "such inquiry as a diligent man, intent upon ascertaining a fact,

would usually and ordinarily make,—inquiry with diligence and in good faith to ascertain the truth." (*Van Matre* v. *Sankey,* 148 Ill. 536, 562.) The inquiry must be as full as the circumstances of the particular situation will permit, (*Graham* v. *O'Connor,* 350 Ill. 36, 41,) and it may not be limited to the county in which the land is located. *Glos* v. *Boettcher,* 193 Ill. 534, 536; *Van Matre* v. *Sankey,* 148 Ill. 536, 562.

Under these rules, it was the duty of defendant to search the title records of Henry County which would have revealed the record title to the premises in his cousin, George Morse. (*Keeney* v. *Glos,* 258 Ill. 555.) Knowledge of such fact would have required inquiry of George Morse's relatives residing in the immediate vicinity, concerning his residence, which would in turn have revealed his death and whether he died testate or intestate, as well as the names of his heirs or devisees. Three relatives, including defendant's own brother, Leslie Good, testified that defendant did not make such inquiry. But rather, defendant questioned John Zonkel and Lauretta Zonkel, parties in possession of the property, and Roy Radford, a stranger to the Good family. The Zonkels made their last rent payment to Carrie Good on or about August, 1947, and after October or November of 1948, paid rent to defendant. The record is silent concerning any rent payments by them during the intervening period of over one year. Defendant made inquiry of the Zonkels concerning the ownership of the property on June 18, 1948, which was during the interval in which the record does not disclose that the Zonkels were paying rent to anyone. Under these circumstances, it was not probable that the Zonkels would be a fountain of information on the subject of the then ownership of the premises. It is likewise interesting to note that the other person of whom defendant made inquiry was his wife's brother who was not related to the Good family other than by marriage. The master and the trial court

were fully justified on this record in finding that the defendant did not make due and diligent inquiry, but rather deliberately and fraudulently avoided questioning known relatives, common to both George Morse, deceased, and defendant, who possessed complete information on the subject. In so doing, he committed a fraud, against which equity may grant relief. *Keeney* v. *Glos,* 258 Ill. 555.

Defendant argues that lack of diligent inquiry is immaterial here because the record shows that the owners were nonresidents of the county and therefore not entitled to personal notice. (Ill. Rev. Stat. 1947, chap. 120, par. 744.) However, the record does not show that the owners, if known, could not have been found in the county. In addition, it is material that the publication notice was addressed to "Unknown owners," rather than to the actual owners whose names were ascertainable. It is obvious that a published notice addressed to named individuals may be more effective practically than a notice addressed only to "Unknown owners." There is a reasonable possibility that friends or relatives of a named nonresident owner will transmit the information contained in the notice to such individual, while such possibility is lessened where the notice is addressed to "Unknown owners."

Defendant further argues that the service on the Zonkels, as tenants, was service on the owners, since the statute provided that if the owners cannot be found in the county, and "the person in actual occupancy is tenant to, or is in possession under said owner," then service upon the tenant shall be deemed service upon the owner. (Ill. Rev. Stat. 1947, chap. 120, par. 744.) However, in the case at bar, it appears that the Zonkels, as tenants or occupants, had no knowledge concerning the names of the owners after the death of Carrie Good, and paid no rentals to such owners. In the affidavit for deed, defendant recited that he made diligent inquiry of the Zonkels to ascertain the names of the unknown parties and their place of residence,

but was unable to find such parties. There is no evidence to indicate that the occupants ever purported to hold possession of the premises under anyone other than Carrie Good and the defendant. Consequently, service on the Zonkels, as tenants or occupants, was not service on the owners. Indeed, defendant's reliance on such service is further evidence of a devious scheme to circumvent notice to the true owners of the premises.

Under the facts, the master and the trial court were justified in finding fraud sufficient to set aside the tax deed. Because of such fraud, it was unnecessary for plaintiffs to plead and prove possession. *Nowakowski* v. *Sobeziak*, 270 Ill. 622.

Defendant asserts that the amendment to the complaint, allowed after hearing on the master's report, which charged fraud with greater particularity, constituted error. However, the statute permitting amendments is comprehensive and under the Civil Practice Act must be liberally construed. (Ill. Rev. Stat. 1955, chap. 110, pars. 46 and 4.) Therefore, we conclude that the chancellor acted within his discretion in permitting the plaintiffs to amend their complaint.

Accordingly, the decree of the trial court was correct and is affirmed.

*Decree affirmed.*