(No. 36601.—

VERA PLACE, Appellant, *vs.* IMPROVEMENT FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.

*Opinion filed March 23, 1962.*

Reis & Kula, of Lombard, (Arthur J. Reis and Stanley A. Kula, of counsel,) for appellant.

John G. Plain, of Aurora, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

At an annual Kane County tax sale of property delinquent for nonpayment of taxes, Vera Place purchased a lot upon which Improvement Federal Savings and Loan Association held the mortgage. She purchased the lot on October 7, 1957, and on October 8, 1959, the county court of Kane County entered an order directing the issuance of a tax deed to her. On November 6, 1959, the Association moved to vacate that order, and on March 13, 1961, the county court granted the motion, vacated the order directing the issuance of the deed, and set the deed aside.

Thereafter Vera Place served notice that on March 30, 1961, she would "request the Court to consider certain affidavits and would move to vacate the order of March 13, 1961." On March 30, 1961, the court entered an order that the affidavits of Vera Place and three other named per-

sons "be not considered herein." That order does not mention any motion to vacate, nor does the record contain such a motion.

Vera Place has appealed directly to this court. Her notice of appeal states that she is appealing from the order of March 13, 1961, and also from the order "entered in this cause on the 30th day of March, 1961, denying appellant's motion to vacate and set aside the Order entered in this cause on the 13th day of March, 1961." Insofar as the appeal purports to be taken from the order of March 30, 1959, which is described in the notice of appeal, it must fail. While an order was entered on that date, it was not the one described in the notice of appeal. The record shows that no order such as the appellant has described was ever entered. The only order before us is therefore the order entered March 13, 1961. Since that order set aside a deed, a freehold is involved and the appeal was properly taken directly to this court. Ill. Rev. Stat. 1959, chap. 110, par. 75; *Shockley* v. *Good,* 13 Ill.2d 298; *Thomas* v. *Durchslag,* 404 Ill. 581.

Apart from the purported appeal from the nonexistent order, there are other difficulties with the record. The clerk of the county court of Kane County has certified that the record transmitted to this court is a complete record of all orders entered in the cause, and is a "full, true and complete copy of all instruments filed (or found) in this office." It appears from a motion to strike certain portions of the record, which was taken with the case, as well as from the briefs and the oral arguments of the parties, that neither the petition for the issuance of the tax deed, nor any documents in support of that petition were ever entered upon the docket of the court. None of them bears any file mark of the clerk of the court which would indicate that they were ever filed.

The motion to vacate the order directing the issuance of the tax deed was based in part upon these defects. What

is before us by way of a record is entirely consistent with a determination by the trial court that the petition for the issuance of a tax deed was not filed within the period fixed by statute, (Ill. Rev. Stat. 1959, chap. 120, par. 747,) and that it was for that reason that the order directing the issuance of a deed was set aside. We can not, of course, set aside the judgment upon the basis of papers "found" in the office of the clerk. If in fact the requisite documents were properly lodged in the office of the clerk of the court, and the deficiencies in the record are due to the errors of the clerk, that question should have been submitted for determination by the trial court.

It may be that the appellant's motion that the trial court "consider" certain affidavits was intended as an attempt to correct the record, although there is no clear indication that this was the case. But even if we assume that to have been the purpose of the motion, we can not hold that the trial judge was required to alter the record upon the basis of *ex parte* affidavits.

No error appears upon the record, and the judgment of the county court of Kane County is affirmed.

*Judgment affirmed.*