Jonathan H. Rowell

*v.*

The Covenant Mutual Life Association.

*Opinion filed December 21, 1898.*

1. Appeals and errors—*counsel's assertion that constitutional question is involved is not sufficient.* The assertion of counsel that in some view of the case the validity of a statute may become involved does not warrant the Supreme Court in assuming jurisdiction of an appeal as raising a constitutional question, where it is apparent the validity of such statute is not involved.

2. Same—*when appeal does not involve the validity of a statute.* An appeal by a member of an assessment company from a decree dismissing his bill against the association, filed to prevent a forfeiture of his insurance certificate and compel a specific performance of his contract of insurance, does not involve the validity of section 20 of the act concerning assessment companies, (Laws of 1893, p. 126,) relating to actions to be brought by the Attorney General.

Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding.

Rowell, Neville & Lindley, for appellant.

T. A. Moran, George W. Wall, W. C. Calkins, and Fifer & Barry, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

This is an appeal prosecuted from a decree of the circuit court of McLean county dismissing appellant's bill filed in that court against appellee.

The material facts alleged in the bill as a basis for the relief asked are as follows: The defendant association was incorporated January 9, 1877, under the provisions of the general act concerning corporations, in force July 1, 1872, with the declared object "to afford financial aid and assistance to the widows, orphans, heirs or devisees of deceased members." The by-laws provided for issuing certificates to members in various amounts, pay-

able at the death of the member to the beneficiaries. On August 28, 1879, complainant was an active Oddfellow of the age of forty-seven years, eligible to membership, and applied therefor, paying for the medical examination and membership fee, and received a certificate of membership, set out in the bill. By this certificate defendant agreed that upon his compliance with its provisions an assessment should be levied, and the association would pay as a benefit to his children, at his death, $5000. The conditions to be complied with by him were the payment of the membership and examination fees and assessments for death claims and expenses. The certificate stipulated that a mortuary assessment should never exceed $1.20 on a certificate for $5000, and if the membership should exceed five thousand, or in case of the death of a member holding a certificate for a smaller amount, he should only be liable for such proportional part of an assessment as the amount of the certificate bore to the total membership of the association. The by-laws also provided for a membership fee limited to $10 on a $5000 certificate, and a medical examination fee of $2, and for assessments to pay death claims graded according to the amount of the certificate, the age of the member at joining and the membership of the association. It was provided that such an assessment should never exceed $1.20 for members from the ages of thirty-nine to forty-seven, inclusive, at the time of becoming members. The by-laws also provided for an assessment for expenses which should not exceed thirty cents per month on a certificate for $5000. All certificates issued up to 1890 were of the same character as complainant's certificate. The defendant has attempted to make a large increase in assessments against complainant, contrary to the terms of his contract of insurance, claiming the right to assess him, not in accordance with his contract, but upon the estimated cost of life insurance at his present age, and to assess a larger sum for expenses than called for by his

contract. A mortuary assessment (No. 149) was made February 28, 1898, for $37.35, and complainant was notified that six calls of that amount would be made during the year, making in all $224.10 for the year 1898.

There are other matters averred in the bill, but we have stated the substance of the material averments and the grounds upon which relief is asked. The bill charges that these assessments contrary to the terms of appellant's contract are in violation of it and in excess of his legal liability. The prayer is that the mortuary call No. 149, made upon the new plan, be declared illegal and not binding upon complainant; that the court may decree that the only legal assessment which can be made is one in accordance with the. terms of complainant's contract, and enjoin the defendant from taking any steps intended to work a forfeiture of the certificate because of a failure to pay said unlawful assessment or any other like assessment, and also to restrain the defendant from making any assessment upon complainant's certificate except in accordance with the terms thereof.

The bill was filed to prevent a forfeiture of the certificate and to enforce a specific performance of complainant's contract made with the defendant according to its terms. The defendant demurred to the bill and the demurrer was sustained, whereupon complainant elected to stand by his bill, and it was dismissed. The case is brought to this court under the claim that the validity of a statute is involved. The statute in question is section 20 of an act entitled "An act to incorporate companies to do the business of life or accident insurance on the assessment plan, and to control such companies of this State and of other States doing business in this State, and to repeal a certain act therein named, and providing and fixing the punishment for violation of the provisions thereof," in force July 1, 1893. The section is as follows:

"No order, judgment or decree providing for an accounting, or enjoining, restraining or interfering with

the prosecution of the business of any domestic insurance corporation subject to the provisions of this act, or appointing a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the Attorney General on his own motion, or after his approval of a request in writing therefor by the Auditor of Public Accounts, except in an action by a judgment creditor or in proceedings supplementary to execution."

Appellant insists, in the first place, that the statute does not apply to a suit of this kind, but he says that in the event the court should hold that it does prohibit his action, then a constitutional question would arise. A reading of the act shows that the section does not purport to have any reference to a suit like this. It refers only to a general accounting or restraint of the prosecution of the business or system of doing business with the public in a general way by an insurance company, or the appointment of a receiver therefor. There is no averment in the bill that the defendant has been re-incorporated under this act, but whatever the fact may be, the act only purports to concern the public regulation, visitation and control of such an association, and not the individual rights of contract. The purpose of this bill is neither an accounting nor any of the other things provided for in the section. If complainant has a contract enforcible according to its terms, an accounting between him and defendant is neither necessary nor proper for the purpose of enforcing it. As the statute has no relation to a suit of this kind, and does not purport to have, there is no question of its validity involved in the litigation. It is not sufficient, to bring a case to this court on a constitutional question, for counsel to assert that in some possible view of the case the validity of a statute may be involved, where it is apparent that it can never come in question.

The appeal will be dismissed. *Appeal dismissed.*