THE PEOPLE ex rel. Swan O. Widell, Appellant, vs.
R. K. WELSH et al. Appellees.

*Opinion filed December 17, 1913.*

1. OFFICES—*right to hold public office does not involve a franchise.* An office is not a franchise, and a proceeding to test the right of a person to hold a public office and execute the duties of a public office does not involve a franchise and does not authorize a direct appeal to the Supreme Court.

2. SAME—*when concurrence of different authorities is necessary to appointment to office.* Where the separate action of different authorities is required for the appointment of officers the concurrence of all is necessary to the appointment.

3. SAME—*nomination by mayor is not made by him as a member of the city council.* While the mayor is a member of the city council when presiding at its meetings, there are many duties which he performs as mayor and not as a member of the council, among which are the selection and nomination of persons for office.

4. SCHOOLS—*act of 1911, for electing board of education, does not apply to city of Rockford.* The act of 1911, (Laws of 1911, p. 500,) providing for the election of members of the board of education in school districts having a population of over 35,000, existing by virtue of a special charter, and where the board of directors or board of education is elected or appointed by the common council of the city, does not apply to such school districts as the city of Rockford, where the mayor nominates the board of education and the common council rejects or confirms the nominations, as such method is not an election or appointment by the common council.

5. STATUTES—*statute cannot be extended to include cities not within its terms merely to sustain its validity.* If a statute does not, by its terms, apply to certain cities, it cannot be extended to include such cities solely upon the theory that unless it is so extended it will violate the constitution.

APPEAL from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

GUST E. JOHNSON, State's Attorney, (B. A. KNIGHT, of counsel,) for appellant.

R. K. WELSH, and C. W. FERGUSON, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

The State's attorney of Winnebago county by leave of court filed an information in the nature of *quo warranto* in the name of the People of the State of Illinois, on the relation of Swan O. Widell, calling upon the appellees to show by what warrant they claimed to hold and execute the offices of president and members of the board of education of the city of Rockford. The appellees by their plea to the information set up title by appointment of the mayor and confirmation by the city council. The plea was demurred to, and the demurrer being overruled, the relator elected to stand by it and the information was dismissed at his cost. An appeal to this court was prayed for, granted and perfected.

An office is not a franchise, and a proceeding to test the right of a person to hold and execute the duties of a public office does not involve a franchise and does not authorize a direct appeal to this court. (*McGrath* v. *People,* 100 Ill. 464; *Whipple* v. *People,* 180 id. 258.) The difference between counsel is whether members of the board of education in the city of Rockford are to be appointed by the mayor and confirmed by the city council under one act of the General Assembly or to be elected by the people under another, and they regard the validity of the latter act as involved in the controversy. The prayer for an appeal was doubtless granted by the court on the ground that the validity of an act relating to the management of common schools was involved.

In 1865 an act incorporating the city of Rockford, and the amendments thereto, were brought together in one act and revised under the title "An act to reduce the charter of the city of Rockford, and several acts amendatory thereof, into one act, and to revise and amend the same." (1 Private Laws of 1865, p. 472.) That act created a governing

body for the city under the name of a common council, consisting of a mayor and board of aldermen, and among the powers of the common council were the management of the public schools and the appointment of a board of school inspectors. In 1879 an act was passed entitled "An act to provide for the appointment of school directors and members of the board of education in certain cases," and that act applied to the city of Rockford. (*People* v. *Welsh*, 225 Ill. 364.) The act was amended in 1889, (Laws of 1889, p. 235,) and it provides that the mayor shall nominate and place before the council for confirmation the members of the board of education. It is contended by counsel for appellant that this act, which operated as an amendment to the charter, was repealed or the charter further amended by substituting for the appointment by the mayor and confirmation by the city council an election by the voters. The act claimed to have that effect was passed in 1903, entitled "An act to provide for the election of boards of education in certain districts," (Laws of 1903, p. 306,) and was amended in 1911. (Laws of 1911, p. 500.) As amended it provides that in all school districts having a population of over 35,000 by the last Federal census, existing by virtue of any special charter, where the board of directors or board of education is elected or appointed by the common council of the city of which school district such city may form the whole or a part, and where there are no provisions in the special charter creating such school districts for the election of a board of education, the board of directors or board of education shall consist of seven members, to be elected at the same time and in the same manner as provided by the general School law for the election of boards of education in school districts having a population of not less than 1000 and not more than 100,000. The city of Rockford has a population exceeding 35,000 by the last Federal census and the city constitutes the school district. But there is a further condition

to bring the city within the act, which is, that the board of education is elected or appointed by the common council of the city. By the act of 1879, as amended in 1889, the mayor was required to nominate such persons as he might choose for members of the board of education, and the city council had the right to reject or confirm the nomination. Title to the office depended on nomination to the office by the mayor and confirmation by the city council. Where the separate action of different authorities is required for the appointment of officers the concurrence of all is necessary to the appointment. (*People* v. *O'Toole*, 164 Ill. 344.) It required the two agencies of the government, the mayor and the city council,—the mayor to nominate and the city council to confirm,—in order to confer title upon the members of the board of education, so that the city council did not, by virtue of existing laws, elect or appoint members of the board of education. The mayor is a member of the city council and may give a casting vote in case of a tie. While presiding at a meeting of the city council he is acting as a member of that body, but he has many duties as mayor which are independent of his membership of the city council, such as removing officers appointed by him, executing the duties of a peace officer, releasing prisoners, calling out the militia, and taking care that the law and ordinances are faithfully executed. The selection and nomination of members of the board of education pertain to the office of mayor and not to membership in the city council.

It is contended by counsel for appellant that the act of 1911 must apply to the city of Rockford, and must have been so intended by the General Assembly, because any limitation of its application to every school district in the State having a population of 35,000 would render it unconstitutional. The argument is, that if the act does not apply to cities constituting a school district of 35,000 inhabitants it violates the constitutional prohibition of sec-

tion 22 of article 4 against local and special laws providing for the management of common schools, and that, no matter what the language of the act may be, its practical operation must be general and uniform throughout the State or it will be void. It is therefore insisted that we must apply the act to the city of Rockford or declare it void. But we do not think it necessary to do either. Whatever the conclusion might be concerning the validity of the act as a special and local law regulating school affairs, it can not be applied to a city or school district that is not within its terms. In the city of Rockford the board of education is not, and has not been since the act of 1879, elected or appointed by the common council, and not being such a city as is specified in the act of 1911, the latter act cannot extend over it on the theory that otherwise it would violate the constitution.

The judgment is affirmed.        *Judgment affirmed.*