(No. 17204.—Cause transferred.)
THE PEOPLE ex rel. John A. Morris et al. Appellees, vs.
JOHN PETTOW, Appellant.

*Opinion filed April 23, 1926.*

1. APPEALS AND ERRORS—*validity of a statute must be involved and not merely its construction.* To warrant a direct appeal to the Supreme Court, the validity, and not merely the construction, of a statute must be involved.

2. SAME—*mere assertion that constitutional question is involved is not sufficient.* To warrant a direct appeal on a question of the validity of a statute the question must actually be raised in the trial court, and it cannot be urged for the first time in the Supreme Court merely upon the assertion of counsel that in some view of the case the validity of the statute may be involved.

3. SAME—*right to office of member of school board does not involve franchise.* A public office is not a franchise, and as the office of member of the board of education of a community high school district is a public office, a proceeding by *quo warranto* to test the right of the respondent to hold and execute the duties of such an office does not involve a franchise nor authorize a direct appeal to the Supreme Court on that ground.

APPEAL from the Circuit Court of Peoria county; the Hon. FRANK LINDLEY, Judge, presiding.

GEORGE W. HUNT, and CAMERON & ANDERSON, for appellant.

HENRY PRATT, State's Attorney, (McGRATH, STONE & DAILY, of counsel,) for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Leave having been granted upon a petition for that purpose, an information in the nature of *quo warranto* was filed in the circuit court of Peoria county in the name of the People of the State, on the relation of John A. Morris and A. E. Parr, by Henry E. Pratt, the State's attorney.

The information charged that John Pettow had usurped the office of member of the board of education of Community High School District No. 201, in Peoria county, and required him to show by what authority he held that office. The respondent filed a plea of justification to the information, and to that plea a general and special demurrer was interposed. The demurrer was sustained, respondent elected to stand by his plea, and judgment of ouster and for costs was rendered against him. He prosecutes an appeal directly to this court.

The plea sets forth the organization of the district and its operation under the general School law; the organization of the board of education and the election of its president and secretary; the resignation of a member of the board on May 19, 1925, and the appointment of his successor; the resignation of another member on August 20, 1925; the holding of a special meeting on September 12, 1925, to fill the vacancy; the presence at that meeting of the remaining four members of the board, one of whom was the president and another the secretary; the nomination of appellant to fill the vacancy and the vote thereon, two members, including the president, voting for, and two members, including the secretary, voting against, appellant's appointment; the casting by the president, as presiding officer, of an additional vote in favor of appellant and in consequence his declaration of the appointment of appellant to fill the vacancy; the notice to appellant of his appointment and his assumption of the office, and the holding of a special meeting on September 17, 1925, at which all members, including appellant, were present and participated and at which the minutes of the special meeting of September 12, 1925, were read and approved without objection. Concluding, the plea avers appellant's eligibility to the office, compliance with all statutory requirements in respect of his appointment, and his participation in the proceedings of the board of education as one of its members.

Appellant contends that in addition to his vote as a member the president of the board of education of a community high school district has the power, under the statute and by custom, to cast the deciding vote in case of a tie, and that in any event the whole membership of the board ratified his appointment by the reading and approval, at the special meeting on September 17, 1925, of the minutes of the meeting of September 12, 1925. Appellees, on the contrary, insist that no ground for a direct appeal to this court exists, and that, apart from the question of jurisdiction, the president of a board of education of a community high school district has no authority to cast, in addition to his vote as a member of the board, the deciding vote in the event of a tie. In our view the jurisdictional question only needs to be considered.

Section 89c of "An act to establish and maintain a system of free schools" (Cahill's Stat. 1925, p. 2165,) provides that when a community high school district is declared established the county superintendent of schools shall forthwith order an election to be held within thirty days for the purpose of selecting a board of education, to consist of five members. Section 89f of the same act requires the members of the board, within ten days after their election, to meet and organize by electing one of their number president and by electing a secretary, and in case of a vacancy it is made the duty of the remaining members to appoint a successor to hold office until the next general election, when his successor shall be elected. By section 91 it is provided that the boards of education of such high school districts shall have the powers and discharge the duties of boards of education elected under the general School law in common school districts of a population of one thousand or more and not exceeding one hundred thousand inhabitants. Section 123 provides that in all common school districts having a population within those limits and not governed by special acts, a board of education consisting of a president and

a certain membership, depending upon the population, shall be elected; and by section 125 the president of the board shall be elected annually at the time the members are elected, and he shall preside at all meetings, but shall have no vote except in case of a tie.

It will be observed that the members of the board of education of a community high school district elect one of their number president, while the president of the board of education of a common school district is elected directly by the voters of the district. The statute is silent upon the question whether the president of a community high school board has the deciding vote in case of a tie, while it expressly provides that the president of a common school board shall have no vote except in case of a tie. Appellant states that these statutory provisions are not in conflict with the constitution, but insists that, properly construed, they authorized the president of the board of education of the community high school district in question to vote upon the motion to appoint appellant to fill the vacancy, first as a member of the board, and, a tie having resulted thereby, again as president. Appellees do not question the constitutionality of the various sections of the School law invoked by appellant nor the power of the high school board to make an appointment to fill the existing vacancy, but contend that those sections did not empower the president of the board to effect appellant's appointment to the vacancy by voting twice, both as a member and as the presiding officer. Obviously, then, the question urged upon this appeal is one of the construction, and not of the validity, of a statute. To warrant a direct appeal to this court the validity, and not merely the construction, of a statute must be involved. Practice act, sec. 118; *People v. Cermak,* 317 Ill. 590; *Village of Lake Zurich v. Deschauer,* 310 id. 209; *O'Brien v. Frazier,* 299 id. 325; *Reining v. Mueller,* 248 id. 389; *Clark v. Kern,* 171 id. 538; *Pearson v. Zehr,* 125 id. 573.

In order to sustain the jurisdiction of this court, however, upon a direct appeal from the trial court, appellant argues that he might well have anticipated that upon the argument of the demurrer to his plea of justification in the circuit court his right to hold the office would require him to sustain the constitutionality of section 89f of the School law. The validity of that section was not questioned and the argument is therefore without merit. Counsel's assertion that in some view of the case the validity of a statute may become involved does not warrant this court in assuming jurisdiction of an appeal on the ground that a constitutional question is raised where it is apparent that the validity of the statute is not involved. (*Rowell* v. *Covenant Mutual Life Ass'n,* 176 Ill. 557.) The mere assertion that a constitutional question is involved is not sufficient to give this court jurisdiction. (*Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633; *Dean* v. *Northern Trust Co.* 259 id. 148.) The validity of the statute must actually be raised in the trial court, and it cannot be urged for the first time in this court. *Campbell* v. *McLain,* 318 Ill. 610; *People* v. *Greene,* 315 id. 626; *People* v. *Levin,* 313 id. 588; *Wennersten* v. *Sanitary District of Chicago,* 274 id. 189.

Nor can the appeal be taken directly to this court on the ground that a franchise is involved in this case. Appellant claims title to a public office and the right to perform its duties. A public office is not a franchise, and a proceeding to test the right of a person to hold and execute the duties of such an office does not involve a franchise nor authorize a direct appeal to this court. *People* v. *Welsh,* 260 Ill. 532; *People* v. *Deneen,* 201 id. 452; *Whipple* v. *People,* 180 id. 258; *McGrath* v. *People,* 100 id. 464.

Since no question is raised justifying a direct appeal to this court, the cause will be transferred to the Appellate Court for the Second District.     *Cause transferred.*