(No. 19545.—)

THE PEOPLE *ex rel.* Sherman L. Hyatt *et al.* Appellants, *vs.* M. J. HOGAN *et al.* Appellees.

*Opinion filed June 19, 1929.*

RUSSELL O. HANSON, State's Attorney, (TOM W. SMURR, and BUTTERS & BUTTERS, of counsel,) for appellants.

RICHOLSON, ARMSTRONG & O'MEARA, (JOHN H. ARMSTRONG, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes on appeal from a judgment of the circuit court of LaSalle county denying the prayer of the sworn petition of the appellants, the People on the relation of Sherman L. Hyatt and four other resident tax-payers of the village of Crotty, for leave to file an information in the nature of *quo warranto* against appellees, mayor and commissioners of said village, to show by what warrant they

claim to hold and execute the offices of mayor and commissioners of said village.

The petition, after averring the qualification of petitioners and the existence and due incorporation of the village, and that for more than four years the village had been duly and legally acting under the commission form of government, avers that appellees, respondents, were duly elected to and held the offices of mayor and commissioners, respectively, of said village. The petition charges in detail certain illegal acts of appellees. It alleges that appellees misappropriated the funds of the village by voting the same to themselves in payment of goods, merchandise and services sold to the village while holding said offices, in violation of the statutes of this State, rendering them and each of them, under the law, subject to removal from said respective offices. The petition also sets forth specific acts of appellee Hogan, as mayor, in collecting insurance premiums on policies issued on village property; that he collected rent for the village hall, owned by him, and for fuel furnished the village by him; that same are no part of his salary as mayor; that appellee Ellis, while acting as commissioner, sold hardware to the village in different sums aggregating $844, which was no part of his salary as commissioner; that appellee Heaton, while a commissioner, in the fall of 1927, and at divers other times stated in the petition, received money from the village for work and services performed by him under a contract made between one George Munson and the village for hauling and delivery of pipe for water mains of said village, and for other services alleged to have been rendered by him to the village; and that appellee Egan, as such commissioner, was voted divers sums in connection with the construction of a water system for said village. The petition further alleged that all the foregoing transactions are shown by the records of said village and by bills presented to said village board; that each of said appellees, while so acting as such commission-

ers in the regularly convened meetings of the board of commissioners of said village, voted and allowed said bills and ordered same paid, and that each appellee assisted in procuring certain funds to be paid out of the treasury of said village, all of which acts were contrary to the statute and in violation of the Criminal Code of the State. The petition prayed leave to file an information in the nature of *quo warranto* to oust said commissioners, and each of them, from their respective offices. Appellees filed a cross-motion to strike the petition from the files. A hearing was had on the petition and the motion to strike, and the court denied the cross-motion, denied the prayer of the petition and dismissed the latter.

The contentions of appellants are, (1) that probable cause for removal of appellees from their respective offices is shown by the petition; and (2) conviction under the Criminal Code for the offense charged in the petition for leave to file an information in the nature of *quo warranto* is not a condition precedent to the granting of leave to file such information.

A question of the jurisdiction of this court of this appeal is first presented. The only question in this case concerns the right of appellees to continue to hold the office of mayor and commissioners of the village of Crotty. This court has repeatedly held that a public office is not a franchise. A proceeding to test the right of a person to hold and execute the duties of such an office does not involve a franchise, and therefore does not confer jurisdiction on this court to review the judgment on direct appeal. *People* v. *Pettow,* 320 Ill. 572; *People* v. *Welsh,* 260 id. 532; *People* v. *Deneen,* 201 id. 452; *Whipple* v. *People,* 180 id. 258; *McGrath* v. *People,* 100 id. 464.

No questions conferring jurisdiction on this court appear in the record, and the cause will be transferred to the Appellate Court for the Second District of Illinois.

*Cause transferred.*