ANNA F. FOOTE

*v.*

LAKE COUNTY.

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*no direct appeal lies to Supreme Court in case involving construction of a statute.* The Supreme Court has no jurisdiction of a direct appeal upon the ground that the construction of a statute is involved, where its validity is not attacked.

2. SAME—*consent of appellee does not give jurisdiction of subject matter.* That the appellee does not challenge appellant's statement that the case involves the question of the validity of a statute and the construction of the constitution does not give the Supreme Court jurisdiction of a direct appeal, where such statement is not borne out by the record.

APPEAL from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

R. W. COON, for appellant.

S. DELANO TALCOTT, State's Attorney, (LESLIE P. HANNA, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

John M. Foote was elected county treasurer of Lake county in November, 1898, and entered upon the duties of his office on the first Monday in December following. He served something over two years, when he died. During that period he also performed the duties of supervisor of assessments of said county. The only action taken by the board of supervisors of the county with reference to his compensation was at the September meeting, 1898, when his salary as county treasurer was "fixed at $1500 per year and necessary clerk hire." After that, during his lifetime, no action whatever was taken by the board and no payment claimed by him or made as supervisor of assessments. On September 9, 1901, Anna

F. Foote, his widow and executrix, presented a claim against the county for $1208.34, for the salary of John M. Foote as supervisor of assessments for the county during his lifetime, from December 5, 1898, to April 27, 1901, at $500 per year. On September 13 the board allowed her the sum of $425 on said claim but refused to allow it for the balance, $783.34. To recover the latter sum she brought this suit in the circuit court of Lake county. A jury was waived and both matters of law and fact were tried by the court. At the close of the evidence the court held, at the instance of the plaintiff, as propositions of law applicable to the case: First, the constitution of this State of 1870 is not a grant of powers, but a limitation, and the General Assembly has the power and authority to pass laws not prohibited by the constitution; second, the constitution of this State does not prohibit the General Assembly from creating an additional office, and conferring the same duties, obligations and compensation upon the county treasurers of the counties of the State; and fourth, the words "*ex officio*" in the act of 1898 are simply words of description of the person who is by such act appointed supervisor of assessments. It refused to hold at her request the third proposition, that "an act for the assessment of property and providing a means thereof, and to repeal a certain act therein named, approved February 25, 1898, created and provided a new office designated as supervisor of assessments, with duties, obligations and compensation as therein named, and the duties and obligations were not simply added duties to the office of county treasurer;" and also the fifth, "that the office of supervisor of assessments created by the act of 1898 is an office with a salary attached to it, payable out of the county treasury, and such salary, unless otherwise agreed upon, is a reasonable compensation for the duties and services required by the law creating the office." The court thereupon entered judgment for the defendant, and against the plaintiff for costs of the suit.

To reverse that judgment the plaintiff below has prosecuted an appeal directly to this court.

Manifestly, appellant has mistaken the court to which she should have appealed. As is clearly shown from the foregoing statement of facts and the propositions of law held and refused by the trial court, the object and purpose of her suit were to have the court so construe the act of the legislature approved February 25, 1898, as to entitle her husband to compensation both as treasurer of the county and as "supervisor of assessments." In other words, the action involved only the construction of a statute, and the court was neither asked, nor did it attempt, to construe the constitution or to pass upon the validity of the act. There is here no "franchise or freehold or the validity of a statute or construction of the constitution" involved, nor is it a case "relating to revenue, or in which the State is interested, as a party or otherwise," and hence by the plain provisions of section 88 of the Practice act, (Hurd's Stat. 1899, p. 1296,) the appeal should have been taken to the Appellate Court.

Counsel for appellant says "this is a case in which is involved the question of the validity of a statute and the construction of the constitution," but there is nothing in the whole record upon which this statement can be based. It is true that counsel for the appellee do not challenge the statement, but consent can never give jurisdiction of the subject matter of a suit. The statute is imperative.

The appeal must be dismissed.

*Appeal dismissed.*