(No. 13556.—Cause transferred.)

B. R. McMahan, Appellant, *vs.* Mary A. Trautvetter *et al.* Appellees.

*Opinion filed April 21, 1921—Rehearing denied June 8, 1921.*

1. Appeals ·and errors—*Supreme Court has no jurisdiction of direct appeal in a contest over appointment of guardian of minor heir.* The Supreme Court has no jurisdiction of a direct appeal in a contest over the appointment of a guardian of the person and property of a minor heir, as a guardian has no freehold interest in the real property of his ward and has no power to bring suits in relation to real estate; and no freehold interest will be divested or invested by a decree appointing one party rather than another as guardian of the minor.

2. Same—*Supreme Court cannot assume jurisdiction where it is not conferred although no question is raised.* Although the question of jurisdiction of a direct appeal is not raised, the Supreme Court cannot assume jurisdiction of the subject matter where no such jurisdiction is conferred.

Appeal from the Circuit Court of Hancock county; the Hon. Harry M. Waggoner, Judge, presiding.

Plantz & Lamet, and O'Harras, Wood & Walker, for appellant.

Hartzell, Cavanagh & Martin, and Scofield & Califf, for appellees.

Mr. Justice Duncan delivered the opinion of the court:

John Earl McMahan died January 31, 1920, and his wife, Anna Edith McMahan, died February 10, 1920, both residents of Hancock county. They left surviving them one female child, Lucile Maxine McMahan, about four years of age. This minor child inherited 80 acres of land ·from her mother and an undivided one-fifth interest in about 420 acres of other land, subject to a life estate of her grandfather, Theodore Trautvetter, and some personal property. Appellant, Bert R. McMahan, a brother of the deceased

father of the minor child, filed on February 12, 1920, his petition in the county court of said county asking to be appointed guardian of the child. The county court appointed him as such guardian and he gave bond and qualified. On February 28, 1920, Fred C. Trautvetter, a brother of the mother of the child, filed his petition in the county court alleging that letters of guardianship were issued to McMahan without notice to the other relatives of the child, and asking that letters of guardianship issued him be revoked and that the petitioner or his father or brothers or sisters be permitted to file a petition for the appointment of Mary A. Trautvetter or Lillie E. Trautvetter, sisters of the deceased mother of the child, or some other proper person, as guardian of the child. On a hearing the county court set aside the order appointing Bert R. McMahan guardian for lack of notice to the minor's relatives, and entered an order that Theodore Trautvetter, grandfather, Fred C. Trautvetter, George H. Trautvetter, Mary A. Trautvetter and Lillie E. Trautvetter, uncles and aunts of the child, or any one of them, be permitted to file a petition applying for appointment as such guardian. On the same day, May 5, 1920, the Trautvetters, grandfather, uncles and aunts of the child, filed their petition in said court asking that Mary A. Trautvetter, one of the petitioners, or some other suitable person, be appointed as guardian of the person of the minor child, and that William A. Dodge, of the city of Warsaw, or some other suitable person, be appointed as guardian of the estate of the minor. The court allowed the original petition filed by Bert R. McMahan to stand as a petition by him for appointment as such guardian, and his petition and the Trautvetters' petition were heard together by agreement of the parties. The court appointed McMahan as guardian of the person, property and estate of the minor and gave him its care, custody and tuition, who gave bond and qualified as such guardian. On appeal to the circuit court the court

overruled the motion of appellant to dismiss the appeal and entered an order on June 14, 1920, finding that all the relatives of the child who are interested in said petitions had entered their appearance in the cause and the court had jurisdiction of them and of the subject matter of the petitions, and appointed Mary A. Trautvetter guardian of the person of the child and gave to her its care, custody and tuition, and also appointed William A. Dodge guardian of the estate of the minor, and required each to file good and sufficient bonds, Miss Trautvetter in the sum of $2000 and Dodge in the sum of $60,000. It was further ordered by the court that the clerk certify a transcript of the proceedings to the clerk of the county court and that original papers transmitted from the county court to the circuit court be returned to the county court, and that all future proceedings in the guardianship matters be had and taken in the county court. Bert R. McMahan prayed and perfected his appeal direct to this court.

The questions raised in the lower court and in this court bear (1) upon the jurisdiction of the circuit court to entertain the appeal from the county court; (2) upon the right of appellees to prosecute the appeal; and (3) upon the fitness of the respective parties to be appointed guardian of the minor child.

Appellant insists in this court, as in the circuit court, (1) that the order of the county court appointing a guardian for the child is final and that no appeal lies therefrom; (2) that if an appeal from the county court is permitted under the law, it is to the Appellate Court direct and not to the circuit court; (3) that appellees had no right or interest in the estate of the minor or in the matter of appointing a guardian for it, and therefore had no right to appeal to the circuit court or to any other court; (4) that if any one of the appellees had a right of appeal that one was Mary A. Trautvetter,—the party who was asked to be appointed guardian in the petition of appellees,—and

that her appeal should have been prayed and taken separately and not jointly with the other appellees; (5) that Mary A. Trautvetter had no right of appeal because the prayer of her petition was granted, or a part of it, her petition praying that either she or some other person be appointed as such guardian. Appellees take issue upon all of the foregoing contentions of appellant, and make the further contention that on such an application for the appointment of a guardian the principal question is as to the welfare of the child, and, having proper regard to that question, who is the most suitable person to be appointed guardian of the person of the child, appellant or Mary A. Trautvetter, and who is the most suitable person to be appointed guardian of its estate, the appellant or William A. Dodge? These questions are contested questions, and in the consideration of them a further question is raised as to whether or not the judgment of the circuit court is sustained by the weight of the testimony.

There is no provision of the statute that gives a right of appeal in this case to this court. No franchise or freehold or the validity of a statute or the construction of the constitution is involved in this case. "A freehold is involved, within the sense and contemplation of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue." (*Malaer v. Hudgens,* 130 Ill. 225; *Merchants Loan and Trust Co. v. Northern Trust Co.* 245 id. 511.) A guardian has no freehold interest in the property real of his ward, either at common law or under our statutes. He has authority to demand and sue in his own name, as guardian, for all personal property and demands due his ward, but no power is given him to bring suits in relation to real estate. (*Muller v. Benner,* 69 Ill. 108.) It necessarily follows that there

will be no freehold interest in either appellant or appellees, or any of them, divested or invested by a decree appointing any one of the parties as guardian of the person and property of the child. Title to realty would not be affected in any way by a reversal or an affirmance of the order or judgment of the circuit court. The question of jurisdiction was not raised in this case, but this court cannot assume jurisdiction of the subject matter of a suit where no jurisdiction is conferred upon it.

This court being without jurisdiction the cause will be transferred to the Appellate Court for the Second District, and the clerk of this court will transmit to the clerk of the Appellate Court all of the files in this cause, together with the order transferring the cause.     *Cause transferred.*