ELSIE L. BENNETT, Appellant, *vs.* RALPH S. BENNETT *et al.* Appellees.

*Opinion filed October 28, 1925.*

1. APPEALS AND ERRORS—*when a freehold is involved.* A freehold is involved in a case where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue.

2. SAME—*suit to have inchoate right of dower restored does not involve freehold.* A wife's inchoate right of dower before it has been consummated by her husband's death is a mere intangible, contingent expectancy, and not only is not an estate in land but is not even a vested right, and a suit by a wife against her husband and others to set aside a deed which she signed conveying property of her husband affects only her inchoate right of dower and does not involve a freehold.

3. SAME—*the Supreme Court, of its own motion, will transfer cause where jurisdiction is wanting.* Although the question of jurisdiction is not raised by the parties, the Supreme Court will decline to proceed to hear a direct appeal where jurisdiction of such appeal is wanting.

APPEAL from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

LESLIE J. TAYLOR, for appellant.

H. B. HERSHEY, and C. J. VOGELSANG, for appellees.

318—13

Mr. Justice DeYoung delivered the opinion of the court:

On December 21, 1923, Elsie L. Bennett filed her bill for divorce and other relief against Ralph S. Bennett, her husband, the State Bank of Blue Mound and Alice S. Bennett, in the circuit court of Christian county. Complainant alleged that she was married to Ralph S. Bennett on December 27, 1921; that he had been guilty of extreme and repeated cruelty, specifying at least five different acts; that her husband was possessed of certain personal property; that until December 13, 1923, he also owned an undivided one-fourth interest in 200 acres of land in Christian county which he had inherited from his father, who died on September 7, 1923; that the land was subject to an incumbrance and the right of dower of Alice S. Bennett, the mother of complainant's husband, and that no proceedings had been taken to assign dower or for partition; that after one of his acts of cruelty on December 6, 1923, her husband sought a reconciliation, and represented to her that he had leased 190 acres of land for the season of 1924-25 and that they would move to that farm to establish a home there; that, confiding in her husband, she accompanied him on December 13, 1923, to the office of certain attorneys in the city of Decatur who represented her husband and his mother, and was there induced to join with him in a deed conveying to his mother his one-quarter interest in the 200 acres of land he had inherited, by the promise that the proceeds of the sale, $3000, would be used by her husband and herself to conduct and operate the farm he had recently leased; that complainant was without independent counsel when she executed the deed, and that her husband immediately put the consideration for the conveyance beyond her reach; that after making the deed her husband began a system of abuse and exhibitions of temper and violence in an effort to drive her away; that she refused to leave and endeavored to prevail upon him to keep his promise; that he

then became violently angry, and on December 19, 1923, dragged her from the seat of an automobile, threw her to the ground and broke her ribs; that he directed her to leave their home and told her he would not live with her any longer and refused to support her; that the conveyance by her husband to his mother was colorable, merely, and was made for the purpose of depriving complainant of her rights in the land; that the land was worth about $225 an acre and was conveyed for a consideration considerably less than its actual value; that the conveyance was not made in good faith and that Alice S. Bennett holds title to the land in trust for complainant's husband; that her husband had funds on deposit in the State Bank of Blue Mound, and that he intended to convert all his property into money and continue his abandonment of complainant and leave her without any means of support; that she had no means other than her wearing apparel and personal property of the value of $125, and that her husband would dispose of all his property to defeat complainant's rights unless restrained by injunction. The prayer was for divorce, alimony and solicitor's fees, the setting aside of the conveyance from Ralph S. Bennett to Alice S. Bennett, and an injunction restraining Alice S. Bennett from disposing of the interest of Ralph S. Bennett in the land, the State Bank of Blue Mound from honoring any checks upon the husband's account, and all the defendants from assigning, transferring or disposing of any of the property of Ralph S. Bennett.

Upon the filing of the bill a temporary injunction was issued. Ralph S. Bennett in his answer specifically denied the acts of cruelty alleged but charged that the complainant had been guilty of outbursts of temper; denied that he had threatened to sell or dispose of any personal property or to deprive the complainant of her rights; admitted that he acquired an undivided one-fourth interest in 200 acres of land by descent from his deceased father, subject to an incumbrance and the right of dower of his mother; denied that

he induced complainant to sign the deed by misrepresentation, but averred that she executed it freely to enable his mother more easily to borrow money with which to discharge the incumbrance on the land; denied that the conveyance was colorable but charged that it was made in good faith with complainant's consent; denied that he sought to drive her from their home, but averred that she left voluntarily without cause and took a portion of his personal property, and denied that complainant had no means of support but stated that she was possessed of personal property worth $500.

Alice S. Bennett by her answer denied that she or her son by deception induced complainant to join in the conveyance of his interest in the land, and averred the deed was executed for a valuable consideration with complainant's knowledge and consent. Her answer concluded with a denial that complainant was entitled to any relief.

A replication was filed to the answers. Upon a hearing the temporary injunction was dissolved and the bill was dismissed for want of equity. At the same term complainant made a motion for a rehearing of the cause, and the motion was denied. A motion for an allowance of suit money and solicitor's fees on appeal followed, and that motion also was denied. Complainant prosecutes an appeal directly to this court, contending that a freehold is involved.

An appeal from the circuit court in a case in which a freehold is involved must be taken directly to the Supreme Court. (Practice act, sec. 118.) A freehold is involved in a case where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue. (*Taylor* v. *Taylor,* 223 Ill. 423; *Nevitt* v. *Woodburn,* 175 id. 376; *Goodkind* v. *Bartlett,* 136 id. 18; *Sanford* v. *Kane,* 127 id. 591.) The bill affirmatively alleged that Ralph S. Bennett, appellant's hus-

band, had inherited from his deceased father an undivided one-quarter interest in 200 acres of land, subject to an incumbrance and the right of dower of Alice S. Bennett, his mother. It does not appear that appellant and her husband resided upon any part of the land which he inherited or that either had an estate of homestead therein. Before the deed from Ralph S. Bennett and appellant, his wife, to Alice S. Bennett was executed, appellant's only interest in the land was an inchoate right of dower in her husband's share. By joining in the deed appellant parted with that right, and the setting aside of the deed could only restore it to her. A wife's inchoate right of dower before it has been consummated by her husband's death is a mere intangible, contingent expectancy, and not only is not an estate in land but does not even rise to the dignity of a vested right. (*Taylor* v. *Taylor, supra; Goodkind* v. *Bartlett, supra.*) If the decree sought were entered, appellant would not gain and her husband would not lose a freehold, nor, as between them, is the title to the freehold so put in issue as to make the determination of that issue necessary to a decision of the case. Hence a freehold is not here involved and this court is without jurisdiction of this appeal.

The question of jurisdiction has not been raised by the parties. It is our duty, however, to decline to proceed in cases where jurisdiction to determine them is wanting. *Stoddard* v. *Illinois Improvement Co.* 271 Ill. 98; *Burroughs* v. *Kotz,* 226 id. 40; *Brockway* v. *Kizer,* 215 id. 188.

The appeal should have been taken to the Appellate Court for the Third District, and the cause will be transferred to that court.

*Cause transferred.*