(No. 17173.—Cause transferred.)
CARL LARSON, Defendant in Error, vs. E. KAHN & Co.,
Plaintiff in Error.

*Opinion filed June 16, 1926.*

APPEALS AND ERRORS—*parties cannot confer jurisdiction on the Supreme Court by consent.* Where jurisdiction of the subject matter does not exist it cannot be conferred upon the Supreme Court by consent or acquiescence, and even though the question of jurisdiction is not raised it is the court's duty to decline to proceed where jurisdiction is wanting.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. PHILIP J. FINNEGAN, Judge, presiding.

BLUM, BLUM & DELANEY, for plaintiff in error.

PAULUS F. B. KOENIG, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On January 29, 1924, Carl Larson instituted suit in the municipal court of Chicago against E. Kahn & Co. claiming $625 for potatoes sold and delivered. Summons was served on "E. Kahn & Co. corporation," by the delivery of a copy, with a *præcipe* and a verified statement of claim, to an agent of the company. The general appearance of "E. Kahn & Co. a corp., herein sued as E. Kahn & Co.," was entered, and on its motion the time to file an affidavit of merits was extended. No such affidavit was filed within the time granted, and the court on February 19, 1924, entered the default and rendered judgment against the defendant for $625 and costs. On February 23, by stipulation of the parties, the court vacated the order of default and the judgment and allowed the defendant ten days within which to file an affidavit of merits. The defendant failed to file the affidavit, and on March 7 judgment was again

rendered against it by default for $625 and costs. On
May 2, upon another stipulation of the parties, the judg-
ment rendered on March 7 was vacated and the defendant
was given until May 10 to file its affidavit of merits. Fail-
ure to file the affidavit for the third time resulted on May 14
in the rendition of another judgment by default against the
defendant. On June 12 the court by its order vacated the
default and judgment of May 14, set aside the order of
May 2 vacating the default and judgment of March 7, and
granted the defendant leave to file a petition to vacate the
default and judgment of March 7 within ten days. Leave
was given the defendant on November 7, 1924, to withdraw
the petition and to file an amended petition within five days.
After a hearing the petition was dismissed on December 26,
1924, and the defendant was allowed an appeal to the Ap-
pellate Court from the order of dismissal but no appeal
was perfected. On January 15, 1925, the defendant made
a motion for leave to file another petition to vacate the
judgment rendered on March 7, 1924. The motion was
denied, the defendant was again allowed an appeal to the
Appellate Court, and an appeal bond was filed and approved.
On January 24, 1925, by stipulation of the parties the court
vacated the order approving the appeal bond, granted leave
to withdraw the bond, set aside the orders of December 26,
1924, and January 15, 1925, and allowed the defendant to
file an amended petition to vacate the judgment. The plain-
tiff made a motion to strike the amended petition, and the
defendant moved to strike the plaintiff's motion. The court
allowed the plaintiff's motion and the amended petition was
stricken for want of jurisdiction. The defendant prose-
cuted an appeal from that order to this court, but later, on
its own motion, the appeal was dismissed. This writ of
error to review the judgment rendered on March 7, 1924,
followed.

The errors assigned are that the municipal court (1)
erred in entering judgment against E. Kahn & Co. since it

was not shown whether E. Kahn & Co. was a corporation, a partnership or an individual; (2) erred in entering judgment against E. Kahn & Co. because the appearance of E. Kahn & Co., a corporation, was entered and judgment could only be rendered against the corporation; (3) was without jurisdiction to enter that portion of the order of June 12, 1924, by which it set aside the order of May 2, 1924, because more than thirty days had elapsed since the entry of the last mentioned order; and (4) was without jurisdiction because the judgment of March 7 had been set aside by stipulation on May 2 and the judgment rendered on May 14 had been vacated by the order of June 12, 1924.

No error is assigned which gives this court jursidiction of this writ of error. No question which authorizes a direct review of the trial court's judgment is raised. The defendant in error recognizes this fact by his suggestion that this writ of error should have been sued out of the Appellate Court, but he adds that in order to avoid further delay he consents to the disposition of this proceeding by this court. Where jurisdiction of the subject matter does not exist it cannot be conferred upon this court by consent or acquiescence. (*Road District* v. *McKinney*, 299 Ill. 130; *Foote* v. *Lake County*, 198 id. 638.) Even though the question of jurisdiction is not raised, it is our duty to decline to proceed in cases where jurisdiction to determine them is wanting. *Bennett* v. *Bennett*, 318 Ill. 193; *McMahan* v. *Trautvetter*, 297 id. 604; *Stoddard* v. *Illinois Improvement Co.* 271 id. 98; *Burroughs* v. *Kotz*, 226 id. 40; *Brockway* v. *Kizer*, 215 id. 188.

This writ of error should have been sued out of the Appellate Court for the First District, and the cause will be transferred to that court.   *Cause transferred.*