MICHALINA STOLOWSKI, Appellee, *vs.* JOSEPH WIERZBOW-SKI *et al.* Appellants.

*Opinion filed June 16, 1926.*

1. APPEALS AND ERRORS—*general rule as to when a freehold is involved.* A freehold is involved in a case only where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue.

2. SAME—*when a freehold is not involved.* A freehold is not involved in a bill seeking to remove as clouds upon the complainant's title the liens of a certain judgment and a trust deed and foreclosure proceedings thereon, the only questions raised by the pleadings being the existence of the liens and the right of the complainant to redeem if such liens exist.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

L. L. RICHMOND, for appellants.

MICHAEL D. DOLAN, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

October 4, 1924, appellee filed in the superior court of Cook county her bill in chancery, in which she alleged that on December 21, 1922, she entered into a written contract of exchange of real estate with Jan Czaplewski and Katie Czaplewski, his wife, through appellant Joseph Wierzbowski, by which contract she agreed to convey to the Czaplewskis certain premises owned by her, being 2338 North Seeley avenue, in the city of Chicago, subject to certain incumbrances thereon, in exchange for certain premises of the Czaplewskis at 2036 Stave street, in the city of Chicago, subject to certain incumbrances; that on or about February 23, 1923, the parties met to close the deal but that the Czaplewskis refused to do so; that thereafter, March 20, she caused the contract to be recorded in the recorder's office of Cook county, and on May 18, 1923, she filed in the superior court of Cook county her bill for a specific performance of the contract; that on October 9, 1923, a decree was entered in said court requiring the Czaplewskis to carry out the contract and to execute their deed of conveyance to the Stave street property, and upon their failure or refusal to do so that the master in chancery execute the deed; that the Czaplewskis failed to comply with said decree; that on October 17, 1923, one of the masters in chancery of said court executed a deed in accordance with the decree, which deed was filed for record November 9, 1923, in the recorder's office of Cook county; that on October 20, 1923, a writ of assistance was issued out of the superior court of Cook county and the possession of the Stave street property delivered to appellee, who has since that time been in the open, notorious and exclusive possession thereof; that Martin Wierzbowski, who is a brother of Joseph, intending to cloud her title, on May 16, 1923, in the municipal court of Chicago, had a judgment confessed for $175.60 and costs by Jan Czaplewski upon an alleged note, for which no con-

sideration was paid; that an execution issued thereon on July 3, 1923, which execution was returned unsatisfied on October 2, 1923; that on August 21, 1923, he filed a transcript of the judgment in the recorder's office of Cook county; that Joseph Wierzbowski, with intent to cloud appellee's title, on February 23, 1923, filed an affidavit in the office of the recorder of deeds of Cook county, in which affidavit he set forth that he had a claim against the Stave street property, well knowing that he had no claim against said property; that Joseph Wierzbowski, with intent to cloud her title, on July 2, 1923, in the municipal court of Chicago, had a judgment confessed by the Czaplewskis for the sum of $1811.75, for which no consideration was paid; that he had an execution issued thereon on July 5, 1923, and subsequently had the bailiff of said court, on December 27, 1923, make a levy on the Stave street property, and on December 29, 1923, caused him to have a certificate of levy to be recorded in the recorder's office of Cook county; that on January 21, 1924, Joseph Wierzbowski caused the bailiff to sell the Stave street property to Joseph and a certificate of sale to issue thereon, which certificate of sale was recorded in the recorder's office of Cook county on January 22, 1924; that Joseph Wierzbowski on February 6, 1923, by fraud and misrepresentation procured from the Czaplewskis a trust deed, for which no consideration was paid, which trust deed purported to convey the Stave street property to Joseph Wierzbowski in consideration of the sum of $1750 and which was recorded in the recorder's office of Cook county on March 22, 1923; that Joseph Wierzbowski then and there well knew that the appellee had the Stave street property under contract of purchase through him; that the action of the bailiff of the municipal court of Chicago in selling the Stave street property was of no effect; that Joseph Wierzbowski will shortly apply to the bailiff of the municipal court of Chicago for a bailiff's deed to the property pursuant to said levy and sale; that

issuance of said deed will tend to cloud and depreciate her title and that the issuance of such deed will be illegal and void. She made Joseph and Martin Wierzbowski, Jan and Katie Czaplewski and Dennis J. Egan, bailiff of the municipal court of Chicago, parties defendant, and prayed that the trust deed from the Czaplewskis to Joseph Wierzbowski be declared null and void and removed as a cloud on her title; that the judgment obtained by Joseph Wierzbowski on July 2, 1923, be removed as a cloud upon her title; that the judgment by confession obtained by Martin Wierzbowski be declared null and void as a cloud upon her title, and that Egan be restrained from selling, assigning or transferring the property and the bailiff from issuing a deed thereon.

Jan Czaplewski, Katie Czaplewski, Martin Wierzbowski and Dennis J. Egan, bailiff of the municipal court of Chicago, were defaulted for want of an answer and the bill of complaint was taken *pro confesso* against them. Joseph Wierzbowski by his answer admitted the execution of the contract and that he was the procuring cause thereof, and set forth that on February 6, 1923, the Czaplewskis, being indebted to him for $1750 for money used in part payment of the purchase price of the premises in question and necessarily advanced by him in order to complete the payment of the purchase price so they might be vested with title thereto, made and executed their trust deed and note conveying to him the premises known as 2036 Stave street to secure payment of their indebtedness. He further admitted recording an affidavit setting forth his claims to the premises, and admitted he caused a judgment to be entered by confession against the Czaplewskis upon the trust deed note, and admitted the execution, levy and sale of the premises and recording of the sale. He claimed a valid lien prior to the title of appellee and denied that appellee was entitled to the relief prayed. Replication was filed to the answer and trial was had before the court, which resulted in a decree granting appellee the relief prayed for in her

bill, from which decree Joseph and Martin Wierzbowski have perfected an appeal to this court.

From an inspection of the pleadings it is evident that a freehold is not involved in this case, as a freehold is only involved in a case where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue. (*Bennett* v. *Bennett,* 318 Ill. 193.) Appellee was not a party to either judgment of the municipal court or to the foreclosure suit upon the trust deed. The only questions raised by the pleadings are the existence of liens, and, if such liens exist, of appellee's right of equitable redemption.

The appeal should have been taken to the Appellate Court for the First District, and the cause will be transferred to that court.                     *Cause transferred.*