M. L. MILLER, Appellant, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed October 22, 1927.*

1. APPEALS AND ERRORS—*construction of section 29 of Compensation act does not authorize direct appeal in action for negligence.* To warrant a direct appeal to the Supreme Court the validity and not merely the construction of a statute must be involved, and a direct appeal cannot be taken in an action by an employer against a third party for negligently causing the death of an employee, the action being based on the right of subrogation under section 29 of the Compensation act and involving merely the construction of said section.

2. SAME—*Supreme Court must decline to proceed where jurisdiction is wanting.* Where jurisdiction of the subject matter does not exist it cannot be conferred upon the Supreme Court by consent or acquiescence, and although the question of jurisdiction is not raised it is the duty of the court to decline to proceed where it does not have jurisdiction of the appeal.

APPEAL from the Circuit Court of Winnebago county; the Hon. ARTHUR E. FISHER, Judge, presiding.

EARLY & EARLY, for appellant.

VERNON W. FOSTER, and WELSH & WELSH, (W. S. HORTON, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

M. L. Miller was engaged, by the name and style of M. L. Miller Sales Company, in the business of selling automobiles in the city of Freeport. He employed Roy E. Long, who, while driving an automobile in the performance of his duties, was killed as the result of a collision between the automobile and a train operated by the Illinois Central Railroad Company. Long left a widow and daughter surviving him. Miller, the employer, instituted suit against the railroad company in the circuit court of Winnebago county, alleging in his declaration the negligent operation of the train as the cause of Long's death and his, Miller's, liability to pay compensation to the widow in accordance with the provisions of the Workmen's Compensation act, and claiming by subrogation, under section 29 of the same act, damages resulting from the company's wrongful act. The general issue and a special plea were filed to the declaration. In the special plea it was averred that at the time of the accident the defendant was a common carrier engaged in interstate commerce and that the train with which the automobile collided was transporting freight in such commerce; that the defendant had not elected to be bound by the Workmen's Compensation act, and hence that the plaintiff had no cause of action against the defendant. To the special plea the plaintiff interposed a demurrer, which was overruled. He elected to stand by his demurrer, and for want of a replication to the special plea judgment was rendered against him. From that judgment he prosecutes this appeal.

The errors assigned by the appellant are, that the trial court erred in overruling the demurrer to the special plea and in rendering judgment against him. In his brief and argument he states that the suit is brought under the provisions of section 29 of the Workmen's Compensation act.

Neither the appellant nor the appellee questions the constitutionality of that section, but the appellant asserts that upon the facts stated it transfers to him from the personal representatives of the decedent the right of action against the appellee for wrongfully causing his employee's death, while the appellee insists that the section is not capable of such a construction.  Obviously, then, the question urged upon this appeal is one of the construction, and not of the validity, of section 29 of the Workmen's Compensation act. To warrant a direct appeal to this court the validity, and not merely the construction, of a statute must be involved. (Practice act, sec. 118; *People* v. *Pettow,* 320 Ill. 572; *People* v. *Cermak,* 317 id. 590; *Village of Lake Zurich* v. *Deschauer,* 310 id. 209; *O'Brien* v. *Frazier,* 299 id. 325; *Reining* v. *Mueller,* 248 id. 389; *Clark* v. *Kern,* 171 id. 538; *Pearson* v. *Zehr,* 125 id. 573.)   Hence no error is assigned which gives this court jurisdiction of this appeal and no question is raised which authorizes this court directly to review the trial court's judgment.

Where jurisdiction of the subject matter does not exist it cannot be conferred upon this court by consent or acquiescence.   (*Larson* v. *Kahn & Co.* 322 Ill. 147; *Road District* v. *McKinney,* 299 id. 130; *Foote* v. *Lake County,* 198 id. 638.)   The question of jurisdiction has not been raised, but it is our duty to decline to proceed in a cause where jurisdiction to determine it is wanting.  *Larson* v. *Kahn & Co. supra; Bennett* v. *Bennett,* 318 Ill. 193; *McMahan* v. *Trautvetter,* 297 id. 604; *Stoddard* v. *Illinois Improvement Co.* 271 id. 98; *Burroughs* v. *Kotz,* 226 id. 40; *Brockway* v. *Kizer,* 215 id. 188.

This appeal should have been prosecuted to the Appellate Court for the Second District, and the cause will be transferred to that court.                   *Cause transferred.*