(No. 20825.——

FREDERICK E. WILL, *et al. vs.* WILBUR GLENN VOLIVA *et al.*
Appellees.—(S. C. WHELLOCK *et al.* Appellants.)

*Opinion filed June 18, 1931.*

JOHN R. BILLS, CHARLES E. MASON, and RICHARD S. FOLSOM, (JAMES HAMILTON LEWIS, of counsel,) for appellants.

FELSENTHAL, STRUCKMANN, MILLER & ROSENBERG, (A. R. MILLER, of counsel,) for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

On July 14, 1921, Frederick E. Will and others filed a bill of complaint in the circuit court of Lake county against Wilbur Glenn Voliva and others. This bill sought to restrain Voliva from claiming title in himself to various parks and boulevards in the city of Zion, and further sought to establish public title in such parks and boulevards. The com-

plainants there alleged that they "begin this suit in behalf of themselves and all others similarly situated." Voliva, an appellee herein, answered this bill, and on July 13, 1922, filed a cross-bill, and on November 12, 1927, he filed an amended and supplemental cross-bill, in which almost one hundred additional parties were named as parties defendant and personal service had upon them. The amended and supplemental cross-bill alleged that Voliva was the owner in fee simple of the various pieces of property which the bill of complaint alleged to be public parks and boulevards and sought a decree establishing title in himself. On December 3, 1927, a decree was entered which was adverse to the complainants and favorable to Voliva on his cross-bill. Almost three years later, on October 6, 1930, appellants in this case presented a petition to the circuit court of Lake county, alleging that they had not been specifically named as parties defendant in the case of Will *vs.* Voliva *et al.* but were bound by the decree by representation, and sought to have this decree set aside under section 19 of the Chancery act. (Smith's Stat. 1929, chap. 22.) Evidence was heard on the petition filed by appellants, and on December 30, 1930, an order was entered by the circuit court of Lake county denying the prayer of appellants for leave to answer the cross-bill of Voliva under section 19, striking the petition from the files and holding that appellants were not proper persons under section 19 to file such petition. From this order the present appeal is taken.

From the foregoing recital it is apparent that the right of appellants to appear under section 19 of the Chancery act is the only point involved in the order appealed from. It is therefore obvious that the question urged upon this appeal is one of the construction, and not of the validity, of a statute. To warrant a direct appeal to this court the validity, and not merely the construction, of a statute must be involved. (Practice act, sec. 118; *People* v. *Cermak,* 317 Ill. 590; *People* v. *Pettow,* 320 id. 572; *Miller* v. *Illi-*

*nois Central Railroad Co.* 327 id. 103; *Village of Lake Zurich* v. *Deschauer,* 310 id. 209.) The order appealed from does not involve a freehold and no question is raised by the appeal which authorizes this court directly to review the judgment of the trial court. Where jurisdiction of the subject matter does not exist it cannot be conferred upon this court by consent or acquiescence. (*Larson* v. *Kahn & Co.* 322 Ill. 147; *Miller* v. *Illinois Central Railroad Co. supra.*) It is the duty of this court to decline to proceed in a cause where jurisdiction to determine it is wanting. *Bennett* v. *Bennett,* 318 Ill. 193; *McMahan* v. *Trautvetter,* 297 id. 604.

No question being raised to justify a direct appeal to this court, the cause will be transferred to the Appellate Court for the Second District.

*Cause transferred.*