(No. 21003.

HARRY J. FIREMAN, Appellee, *vs.* OLIVER F. SMITH, Appellant.

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

OSSIAN CAMERON, and EDWARD H. S. MARTIN, for appellant.

ISADORE WOLFSOHN, and ARTHUR CHITTICK, (HARRY J. FIREMAN, *pro se,*) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

On June 27, 1930, in the superior court of Cook county, in a suit brought by Henry J. Fireman, appellee, against Oliver F. Smith, appellant, seeking to subject certain prop-

erty alleged to belong to appellant to the lien of a judgment theretofore rendered against appellant, a final decree was entered in the cause finding "defendant's interest in said 301 shares [of stock in Citizens Trust and Savings Bank] is subject to the lien of complainant's judgment," and "that whatever interest defendant has in said suit [against William Hughes] is subject to the lien of complainant's judgment herein." From this decree an appeal was taken to the Appellate Court for the First District, and after the affirmance of the decree by that court a petition for *certiorari* (No. 20887) was filed in this court and after consideration the petition was denied. Thereafter, on July 1, 1931, upon the petition of appellee, the superior court entered the order from which this appeal is taken, as follows: "Ordered, adjudged and decreed that the defendant forthwith turn over, deliver and assign to said receiver [the Union Bank of Chicago] all his right, title and interest in and to 301 shares of stock in Citizens Trust and Savings Bank and all of his right, title and interest in and to the chose in action now pending in the circuit court of Cook county, entitled Oliver F. Smith *vs.* William Hughes."

While appellant in his assignment of errors has alleged that certain constitutional questions are involved in this case, a study of the abstract and appellant's brief discloses the fact that the matters of which he complains do not involve a construction of the constitution but only raise questions of procedure and the correctness of the decree. No question is raised by the appeal which justifies this court to directly review the decree of the trial court. It is the duty of this court to decline to proceed in a cause where jurisdiction to determine is wanting. (*Will* v. *Voliva,* 344 Ill. 510.) The cause will therefore be transferred to the Appellate Court for the First District.

*Cause transferred.*