(No. 21499.—

VIRGINIA W. HAWKINS, Appellant, vs. WILLARD TRICE HAWKINS, Appellee.

*Opinion filed October 22, 1932.*

ALEX H. ROSENBAUM, for appellant.

EVERETT JENNINGS, (EDWARD M. KEATING, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Virginia W. Hawkins filed a bill in the circuit court of Cook county .against her former husband Willard Trice Hawkins for alimony, an allowance to support their minor child and an injunction restraining the defendant from disposing of his property. The defendant's demurrer to the bill was sustained and the court, finding that it had no jurisdiction of the subject matter, dismissed the bill "for the want of equity." The complainant prosecutes this appeal.

The appellant and Willard Trice Hawkins, the appellee, were married on May 18, 1917, and lived together as husband and wife until September 18, 1928. A son, Willard Western Hawkins, was born of the marriage. Early in

1929, the appellant instituted suit for divorce against her husband in the county court of Dodge county, Wisconsin. Service of process upon the defendant was obtained by publication. Proceedings in the cause resulted in a decree on July 2, 1929, by which a divorce was granted the appellant, the custody of the minor child was awarded to her, and "the question of alimony to be paid by defendant" was "held open until further order of the court." No further proceedings were taken in the cause. Subsequently, the parties became residents of Cook county, in this State, and the bill in the present suit was filed on December 14, 1931.

The appellant seeks to justify a direct appeal to this court on the ground that constitutional questions are involved in the case. She asserts that the circuit court, by the dismissal of her bill, violated: first, section 1 of article 4 of the Federal constitution which provides that "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State;" second, section 2 of the same article that "The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States;" and third, section 19 of article 2 of the State constitution which provides that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay."

By the decree of a court of a sister State the appellant was granted a divorce and the custody of her child and the question of the alimony to be paid by the defendant was reserved for future consideration. The decisions of the foreign court upon the issues presented to it and its reservation of the question of alimony were not challenged, but, on the contrary, were respected by the circuit court of Cook county. Hence full faith and credit were given by that court to the decree of the county court of Dodge county, Wisconsin.

The appellant alleges in her present bill that she is a resident, and she argues in her brief that she is a citizen, of this State. The protection designed by section 2 of article 4 of the Federal constitution has no application to a citizen of the State of or concerning whose laws complaint is made. (*Bradwell* v. *Illinois,* 83 U. S. (16 Wall.) 130, 138). No discrimination against a citizen of another State within our jurisdiction nor a denial of his equal privileges and immunities has been charged. Obviously, the section invoked cannot avail the appellant.

The circuit court, it appears from the decree, dismissed the appellant's bill for the want of equity because the court found that it had no jurisdiction of the subject matter. If the court lacked such jurisdiction, it could not determine the merits of the cause. (*People* v. *Illinois Central Railroad Co.* 324 Ill. 591, 614). The dismissal of a bill, however, for inconsistent reasons and even if manifestly erroneous, does not warrant recourse to section 19 of article 2 of the State constitution. That section does not dispense with an orderly procedure and a decree of dismissal, whether for the want of jurisdiction or the want of equity, is a final order subject to review by an appellate tribunal of competent jurisdiction.

The mere assertion that a constitutional question is involved in a case is not sufficient, in the absence of other grounds, to give this court jurisdiction upon a direct appeal from a judgment or decree of a trial court. (*People* v. *Pettow,* 320 Ill. 572; *Dean* v. *Northern Trust Co.* 259 id. 148; *Griveau* v. *South Chicago City Railway Co.* 213 id. 633). No debatable constitutional question is presented by the record submitted. The law requires that an appeal from the decree of which the appellant complains shall be prosecuted to the Appellate Court for the First District and not to this court. The question of jurisdiction of the subject matter has not been raised, but where such jurisdiction does

not exist, it cannot be conferred by consent or acquiescence. (*Miller* v. *Illinois Central Railroad Co.* 327 Ill. 103; *Larson* v. *Kahn & Co.* 322 id. 147; *Road District* v. *McKinney,* 299 id. 130; *Foote* v. *Lake County,* 198 id. 638). This court cannot proceed in a cause where jurisdiction to determine it is wanting. *Will* v. *Voliva,* 344 Ill. 510; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103; *Larson* v. *Kahn & Co.* 322 id. 147; *Bennett* v. *Bennett,* 318 id. 193; *McMahan* v. *Trautvetter,* 297 id. 604; *Stoddard* v. *Illinois Improvement Co.* 271 id. 98; *Burroughs* v. *Kotz,* 226 id. 40; *Brockway* v. *Kizer,* 215 id. 188.

The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*