**R. S. Wishard, Receiver of the State Bank of Commerce, Wheeler, Illinois, Appellant, v. School Directors of District No. 11, Town 7 North, Range 8 East, Jasper County, Appellee.**

Opinion filed March 4, 1935.

ALBERT E. ISLEY and MILO D. YELVINGTON, both of Newton, for appellant.

KASSERMAN & KASSERMAN, of Newton, CRAIG & CRAIG, of Mattoon, FRED L. WHAM, JR., of Centralia, and ROBERT M. WERDEN, of Mattoon, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Appellant in this proceeding undertakes to appeal from a judgment entered in the circuit court of Jasper county on the 12th day of June, 1934. Appellee files a motion in this court to dismiss the appeal and in support of the motion attaches the affidavit of the clerk of

the circuit court, dated December 14, 1934, to the effect that no notice of appeal was filed in the circuit court within 90 days after the date of the judgment and that in truth and in fact no notice of appeal has ever been filed.

In *Veach v. Hendricks,* 278 Ill. App. 376, an opinion filed at the October term of this court, we reviewed the various sections of the Civil Practice Act and rules of court in reference to the notice of appeal and there said ''that the filing of a notice of appeal is jurisdictional and that the proceedings of the lower court cannot be reviewed on appeal unless such notice has been filed. The right of appeal is purely statutory and the statute granting such right must be strictly complied with. *Hall v. First Nat. Bank,* 330 Ill. 234; *Davison v. Heinrich,* 340 Ill. 349.''

Appellants file objection to appellee's motion to dismiss the appeal and in support of said objection urge that counsel for respective parties were present in court on the 12th day of June, 1934, the date the judgment was granted and appellants were allowed 100 days for the filing of a bill of exceptions; that thereafter the bill of exceptions was examined and approved by counsel for appellee; that later they joined in a stipulation waiving the necessity of a praecipe for a record; that the record was filed in this court and that thereafter notice of application of appellants for an extension of time to file abstracts and briefs was served upon attorneys for appellee; that the abstracts of record and briefs and arguments were prepared and on the 30th day of November, 1934, copies were served upon attorneys for appellee; that on the 4th day of December, 1934, the attorneys for appellee served notice on counsel for appellant for an extension of time until the 15th day of January, 1935, in which to file briefs for appellee; that said extension of time was granted by one of the judges of this court and that on the 14th day of December, 1934, a motion to dismiss the appeal was

served upon appellant's counsel and a general appearance was entered by appellee; that by reason of the facts aforesaid there was a waiver by appellee of any and all notice of appeal and that it is now precluded and estopped from relying upon any notice to effect an appeal to this court.

In *Hawkins v. Hawkins,* 350 Ill. 227, the court in disposing of a case which should have been appealed to the Appellate Court instead of the Supreme Court, said, "The question of jurisdiction of the subject matter has not been raised, but where such jurisdiction does not exist, it cannot be conferred by consent or acquiescence." (*Miller v. Illinois Cent. R. Co.,* 327 Ill. 103; *Larson v. Kahn & Co.,* 322 Ill. 147; *Road Dist. No. 6 v. McKinney,* 299 Ill. 130; *Foote v. Lake County,* 198 Ill. 638.)

In *Chicago, P. & S. W. R. Co. v. President & Trustees of Town of Marseilles,* 104 Ill. 91, the parties undertook to waive the necessity of filing an appeal bond, and the court said, "The waiver by the appellee of the appeal bond did not operate to perfect the appeal for any purpose, either to make it incumbent upon the party praying the appeal to prepare the cause for a hearing at the present term, or to suspend the judgment in the court below. The parties are in precisely the same attitude they were before that waiver was filed. There is no appeal here for us to act upon,—nothing to dismiss. The cause will be stricken from the docket."

Under the foregoing authorities, this court has no jurisdiction to consider the case in the absence of a notice of appeal. It is a requirement of the statute and is a matter that cannot be waived by agreement of parties nor supplied by estoppel arising out of the conduct of either party.

No appeal has been perfected; there is nothing to dismiss. The order will be that the case be stricken from the docket.

*Cause stricken.*