**Theodore Litzelman et al., Appellants, v. Town of Fox, Appellee.**

8

Opinion filed March 6, 1936. Re-hearing denied April 30, 1936.

KASSERMAN & KASSERMAN, of Newton, for appellants.

JOHN C. RITTER, of Olney, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

April 7, 1935, pursuant to the provisions of the Dram Shop Act, there was submitted to the voters of

Fox Township, Jasper county, the question whether the sale at retail of alcoholic liquor should be prohibited in said township. The affirmative of the proposition carried by a majority of eight votes.

Theodore Litzelman and four others, voters and taxpayers of said township, who are herein referred to as plaintiffs, filed a complaint in the circuit court of Jasper county, charging irregularities in the count of the ballots and prayed for a recount. Fox Township was the sole party defendant.

Section 17, Article IX, ch. 43, Ill. State Bar Stats. 1935, provides that suits contesting the validity of an election held under said act shall be filed in the county court and that it shall have final jurisdiction to hear and determine the merits of such cases. Provision is also made for the issuance of a summons addressed to the clerk of the city, village, town or road district, as the case may be. No other provision is made in said section for the bringing of any party into court by summons but any legal voter of the district in which the election was held may appear and defend the validity of the election. Pursuant to this latter provision, Robert Collins and four others, taxpayers and voters of the township, who are referred to herein as defendants, appeared and filed a motion to dismiss on the grounds that the circuit court did not have jurisdiction of the subject matter. No one appeared on behalf of the township. Under the reasoning in *Saylor v. Duel,* 236 Ill. 429, the circuit court did not have jurisdiction to hear and determine this election contest.

Before any action was taken on defendant's motion, plaintiffs filed an amended complaint in which it is alleged that the petition calling the election and which was filed with the town clerk was irregular and insufficient in that after deducting the names of certain signers for irregularities, there was not 25 per cent

of the voters of the township that had signed the petition. The only allegation in the amended complaint which refers to any special interest or right the plaintiffs have is that one of the plaintiffs was the owner of a tavern in said township where alcoholic liquor was sold and that two of the plaintiffs owned a tavern where beer was sold and alleged that by reason of the insufficiency of the petition the election should be declared void and the officers restrained from carrying out and enforcing the result of the election. It does not appear that any of the township officers appeared to make answer to the amended complaint.

A temporary injunction was issued as prayed without notice. Paul Rohr and nine others, taxpayers and legal voters, none of whom had been parties to the litigation, appeared and filed a motion and prayed that the temporary injunction be made permanent. The court denied the prayer of their motion and the court's ruling in that regard is not here on this appeal.

Defendants filed a motion to dissolve the temporary injunction. Plaintiffs filed a cross motion to strike defendants' motion on the ground that the defendants are not parties to the suit and had no right to contest the matter on behalf of the township. Plaintiff's cross motion to strike defendants' motion was denied and the court dissolved the temporary injunction and dismissed plaintiffs' amended complaint. Plaintiffs appeal from that order.

The view we take of this whole proceeding makes it unnecessary to consider the propriety of the court's rulings in reference to plaintiffs' cross motion to strike defendants' motion to dissolve.

The right to contest an election is purely statutory and where the statutes designate the court in which such proceedings may be instituted, any court other than the one named is without jurisdiction to hear and determine such contest. *Saylor v. Duel, supra.* The circuit court had no jurisdiction to hear and de-

termine the matters set forth in plaintiffs' original complaint. Plaintiffs abandoned the original complaint praying for a recount and alleged a different state of facts and endeavored to obtain relief from a court of equity by the issuance of an injunction.

It is a general well established and recognized rule in this State that the jurisdiction of a court of equity pertains only to the maintenance of civil, personal and property rights and that it has no jurisdiction over matters or questions of a political nature unless civil property rights are involved. *Spies v. Byers,* 287 Ill. 627; *Payne v. Emmerson,* 290 Ill. 490; *People v. Mc-Weeney,* 259 Ill. 161. Unless a party is injured in his property rights, he cannot by writ of injunction determine the validity of an election or contest the acts of public officers in the discharge of their duties. Any order entered by a circuit court upon such questions is void for want of jurisdiction over the subject matter. *People v. Rose,* 211 Ill. 252.

In *Payne v. Emmerson, supra,* the court in defining civil rights and rights arising out of question of a political nature said, ''A political right is defined by Anderson to be 'a right exercisable in the administration of government,' while a civil right is 'a right accorded to every member of a distinct community or nation.' Bouvier puts it thus: 'Political rights consist in the power to participate, directly or indirectly, in the establishment or management of government.' 'Civil rights are those which had no relation to the establishment, support or management of the government. These consist in the power of acquiring and enjoying property, of exercising the paternal and marital powers, and the like.' *People v. Barrett,* 203 Ill. 99.''

The allegation in the amended complaint that a part of the plaintiffs owned taverns in said township where alcoholic liquors and beer were kept for sale and that if the officers were permitted to enforce the result of

the election, they would be damaged, is not an allega- tion in reference to a property or civil right.  Before they could lawfully conduct such business in their tav- erns, it was necessary for them to comply with the provisions of the Dram Shop Act and acquire a li- cense.  The right to such a license is not a civil right. Section 1, Article VI, of the Dram Shop Act provides that a license issued under its provisions is purely a personal privilege, cannot be assigned, is not a sub- ject of inheritance and shall not constitute property. Since plaintiffs did not show by their amended com- plaint that they were damaged in any of their civil rights, the circuit court was without jurisdiction of the subject matter and had no power to grant the temporary injunction and having done so, the court had the power on its own motion to correct the error by dissolving the injunction.  *Hawkins v. Hawkins,* 350 Ill. 227.  Jurisdiction could not be conferred by consent or acquiescence.  *Miller v. Illinois Cent. R. Co.,* 327 Ill. 103; *Larson v. Kahn & Co.,* 322 Ill. 147; *Road Dist. No. 6 v. McKinney,* 299 Ill. 130; *Foote v. Lake County,* 198 Ill. 638.  A court cannot proceed in a cause where jurisdiction to determine it is want- ing.  *Will v. Voliva,* 344 Ill. 510; *Miller v. Illinois Cent. R. Co., supra; Bennett v. Bennett,* 318 Ill. 193; *McMahan v. Trautvetter,* 297 Ill. 604.

After dissolution of the temporary injunction, de- fendants filed a motion for suggestion of damages. In reference to that matter the order recites ''and by agreement of parties damages are assessed in the sum of $50.00.  The motion for assessment of damages to abide by said appeal.''  That amounted to a confession of the decree for that sum.  *Holmes v. Stateler,* 57 Ill. 209.  Neither the notice of appeal nor plaintiffs' brief and argument question the allowance of damages.  The decree is affirmed and under the stipulation the dam- ages consented to are allowed.

The decree of the lower court in dissolving the injunction and dismissing the amended complaint is affirmed and a money decree for $50 will be entered in this court in favor of the defendants and against the plaintiffs.

*Decree affirmed.*