(No. 25342.—)

OTTILIA SUESKE *et al.* Appellees, *vs.* FRANK SCHOFIELD, Exr. *et al.*—(FRANK SCHOFIELD, Exr., Appellant.)

*Opinion filed December 15, 1939.*

DAVID K. TONE, for appellant.

COCHRANE & GEORGE, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

Elmer F. Sueske died testate in Cook county, March 6, 1934, leaving surviving a widow, Emma M. Sueske, a mother, Ottilia Sueske, a sister, Caroline C. Sueske, and a brother, Walter Sueske. Except for a summer home at Antioch, Illinois, his estate consisted entirely of personal property. This summer home was devised to his widow, in fee simple.

The important provisions of his will, and the ones requiring construction, concern the gift in trust for certain purposes of all testator's stock in the Sueske Brass & Copper Company, which was given to the appellant, Frank Schofield, as trustee for the mother, wife and sister. Certain funds were also provided for the brother and employees of the company, which have been paid and are not questioned. The clauses which bring about the controversy concern a specific item of 750 shares of stock for the benefit of the wife for life with remainder to her descendants, if she has any, and, if no descendants, then to her lawful heirs, with the power of appointment in the wife to dispose of them by will to whomsoever she sees fit. Another clause sets aside 370 shares for the benefit of the mother for life, the remainder to a sister for life and remainder thereafter to the widow if she survives, both of them for life and final remainders to her descendants if she has any and, if none, then to her lawful heirs. The other clause requiring construction makes provision for 360 shares for the benefit of the sister for life, remainder to the wife, to her descendants if she have any, and, if not, then to her lawful heirs. In the trust clause of the will there is a residuary provision requiring the rest, residue and remainder of the trust estate to be paid to the wife, sister and mother, in equal shares.

Within a year after the testator's death the surviving widow renounced the will and took in kind, one-half of the stock of the Sueske Brass & Copper Company and elected to receive her undivided one-half interest in the real estate.

All of the interested parties elected to terminate the trust and divide the property. A suit was filed in the circuit court of Cook county, seeking to have the trust terminated and averring that its continuance would benefit no one but the trustee. After trial, the circuit court entered a decree finding that the real estate was vested one-half in the widow, to whom it had been devised and who had renounced the will, and that the other half became intestate. The trust was terminated and dissolved and the personal property ordered distributed.

The only question in the case which might possibly give this court jurisdiction would necessarily concern the title to the property at Antioch. The trustee insists that this property passed to him under the provisions of the will which created the trust, but it is apparent he could have no beneficial interest in it in any event, for his title, if he had one, would be merely for the purpose of passing it back either to the mother and sister or to the heirs at law. Neither the mother, the sister, nor the brother complain of the decree of the trial court nor appeal therefrom on this point. Our decision of the case therefore would not affect the title to a freehold, and we must decline to take jurisdiction of the case. We must decline to proceed in a cause when jurisdiction is lacking, (*Dunavan* v. *Industrial Com.* 355 Ill. 444, and *Fireman* v. *Smith,* 347 id. 108;) and this is true whether or not the question is raised. *McMahan* v. *Trautvetter,* 297 Ill. 604; *Miller* v. *Illinois Central R. R. Co.* 327 id. 103.

The cause will be transferred to the Appellate Court for the First District.